ALFRED TESTA *vs.* HARRY KATT.

MAY 23, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is an action on the case to recover damages for an alleged overcharge in the sale of an automobile in violation of the Federal Emergency Price Control Act of 1942, as amended by the Stabilization Extension Act of 1944, 50 U. S. C. A. App. §925 (e), hereinafter for convenience called the act. The defendant demurred to the declaration on several grounds, the principal one being that the portion of the act on which the case is based is penal in its nature and therefore, under the established law of Rhode Island, not cognizable in the courts of this state. A motion duly made by Chester Bowles, Administrator of the Office of Price Administration, for leave to intervene as a party for the purpose of safeguarding the interests of the public was granted. Following the overruling of defendant's demurrer, the case went to trial on his plea of the general issue before a justice of the superior court sitting with a jury.

At the close of the evidence the defendant moved for a directed verdict on substantially the same grounds as those urged in his demurrer. This motion was denied. The plaintiff also moved for a directed verdict and this motion was granted. The case is before us on defendant's exceptions to the overruling of his demurrer, to the denial of his motion for a directed verdict and to the granting of such a motion in favor of the plaintiff.

It appears from undisputed evidence that on August 3, 1944, the defendant sold to the plaintiff an automobile for $1100 and received payment in full for that amount. The maximum legal price established by price regulation No. 540 under the act, as amended, was then $890. The overcharge

to the plaintiff was therefore $210. The court awarded the plaintiff this amount plus a counsel fee.

So far as pertinent, the act reads as follows: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In such action, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: *Provided, however,* That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation."

The determinative question in this case is raised by defendant's demurrer, which question we state as follows: If, under the established law of Rhode Island, the act, as amended, is penal in its nature, *must* our courts take jurisdiction of cases for violations of the act? The defendant contends that the act is a penal statute in an international sense and therefore not cognizable under our law in the courts of this state. If it is such a statute, then the instant case is governed by our decision in *Robinson* v. *Norata,* 71 R. I. 256, where a similar question to the one now before us was fully considered and determined in a case under the act before amendment.

Upon full consideration of the pertinent provisions of the act, as amended, we are of the opinion that it still is a penal

statute in an international sense under the established law of Rhode Island. Although the amendment has softened to some extent the degree of penalty in the original act and may purport to have given to the court a modicum of discretion, yet in substance and effect the act fundamentally remains a statute that makes it possible for an individual or for the federal administrator in his official capacity, under certain conditions, to recover an award that has no relation, as compensation, to the actual overcharge alleged as a violation. In our judgment such an award is penal and not compensatory, especially when one considers the fact that the administrator may bring an action in behalf of the federal government itself for a violation of the act.

Clauses (1), (2) and the *proviso* hereinbefore quoted are so closely interrelated that the indivisibility of the provisions thereof is obvious. The act as it now stands does not leave the court free to exercise its discretion under all circumstances in fixing the amount of liability. The court is given authority in the act to treble the amount of the overcharge in certain circumstances, but such authority is substantially nullified by the equally material provision that the court *must* award an amount *"not less than $25* nor more than $50 in any event, if the overcharge, even though trebled, is less than $25. (italics ours)

This mandate is again repeated in the *proviso,* which apparently seeks to soften the rigor of the act if a defendant can prove that the violation was committed under specified extenuating circumstances. Although the act there provides that in such a case the overcharge shall be the amount of the award, yet it further provides that the court *must* award $25 if that sum is greater than the overcharge. Thus a person who had violated the act by an overcharge of one cent must be required by the court to pay not less than $25, and could be ordered to pay as must as $50, plus attorney's fees and costs in any event. Moreover, even if that person had proved that such violation was without willfullness or negligence, he nevertheless must be required by the court to pay not less

than $25, plus attorney's fees and costs. Such a requirement in our opinion not only deprives the court of discretion but also is penal in its nature and intent.

The fixing of the arbitrary sum of $25 as the minimum award that the court is permitted to make in any case regardless of the circumstances, if that sum is greater than the overcharge, may, as was argued in behalf of the administrator, enlist the help of consumers in discouraging violations of the act. However, such an argument has no pertinency when the controlling question at issue is whether the act, in its nature and intent, is a penal statute under our law.

For the reasons stated, we cannot construe the act in any other manner than as a penal statute in the international sense and the case is therefore governed by *Robinson* v. *Norato, supra.* We affirm that decision and hereby adopt its reasoning on all matters of law as the basis for our conclusion in the instant case, namely, that an action for a violation of that portion of the act under consideration here can not be maintained in the courts of Rhode Island under our established law. This conclusion makes it unnecessary to consider the defendant's remaining exceptions.

The defendant's exception to the overruling of his demurrer is sustained, and the case is remitted to the superior court for further proceedings.

*Arthur N. Votolato,* for plaintiff.

*Philip B. Goldberg, Leo M. Goldberg, Goldberg & Goldberg,* for defendant.

*John J. Sullivan,* District Enforcement Atty., *William B. Sleigh, Jr.,* of Mass. Bar, Regional Litigation Atty., for Chester Bowles, Administrator, Office of Price Administration, Intervenor.