(No. 33051.—

222 EAST CHESTNUT STREET CORPORATION, Appellant, *vs.* DOROTHY COLE BERGER, Appellee.

*Opinion filed May 24, 1954.*

JOSEPH F. ELWARD, and PHILIP CONLEY, both of Chicago, for appellant.

WEISSENBACH, HARTMAN, CRAIG & OKIN, of Chicago, (HARRY OKIN, and CECIL E. MAGID, of counsel,) for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The 222 East Chestnut Street Corporation, a landlord, brought an action in the superior court of Cook County to recover rent from one of its tenants. From a judgment denying recovery it appeals directly to this court, on the theory that a constitutional question is involved.

The material facts are not in dispute. Prior to December 31, 1948, defendant occupied one of plaintiff's apartments under a lease expiring on that date, which provided for a rental of $195.50 per month. Upon expiration of the term of the lease defendant continued in possession, paying the same monthly rental. During the period in question the Federal Housing and Rent Act of 1949 (63 Stat. 18,) was in force, prohibiting evictions and placing a ceiling on rents. Under its provisions the Housing Expediter was empowered to make individual adjustments in maximum rents under certain prescribed conditions. On November 21, 1949, plaintiff filed an application for rent increase, and written notice thereof was given to defendant. On April 13, 1950, an order was entered by the Housing Expediter increasing the maximum rent from $195.50 to $215.50, effective November 21, 1949, (the date of the application.) On April 17, 1950, plaintiff sent a letter to defendant referring to the order and demanding the difference of $20 per month for the five months of December, January, February, March, and April. Defendant paid the increased rental beginning with May 1, 1950, but refused to pay the retroactive increase of $20 for each of the pre-

ceding five months. The latter sums, aggregating $100, are sought to be recovered in this case.

Defendant resisted the action in the superior court on the ground that under section 6 of the Landlord and Tenant Act, (Ill. Rev. Stat. 1949, chap. 80, par. 6,) thirty days' notice is required for any increase in rent, and that since no such notice was given the retroactive increase authorized by the Federal order cannot be recovered. At the conclusion of the trial plaintiff submitted written propositions of law to the effect that the order of the Housing Expediter was a legislative determination of rights which must be enforced by the State courts notwithstanding conflicting Illinois statutory provisions. The court refused the propositions of law. The sole question presented was whether the Illinois law, by virtue of its thirty-day notice requirement, precludes any exercise of the landlord's right, created retroactively, to charge additional rent for the past occupancy.

Defendant has moved to dismiss the appeal for want of jurisdiction. We think, however, that jurisdiction is present. The effect of the order of the Housing Expediter is to afford a right in plaintiff to demand the increase retroactively. The effect of the Illinois law is to deny such a right since the prescribed notice obviously cannot be given where the lawfulness of the increase under Federal law is undetermined. A conflict is thus created between Federal and State law, and its resolution depends upon the application of article VI of the Federal constitution. This is sufficient to confer jurisdiction over the appeal. Where a determination of the issues requires the application of a provision of the Federal constitution to facts different from those involved in cases where its effect has previously been considered, the case sufficiently involves a construction of the constitution to warrant a direct appeal. *Atkins* v. *Atkins,* 386 Ill. 345. See, also, *Groome* v. *Freyn Engineering Co.* 374 Ill. 113.

Defendant makes no contention that the order of the Housing Expediter is invalid, but relies solely upon our statutory requirements for effecting a change in month-to-month tenancies. The position cannot be sustained. Imposing maximum rents during the war emergency, and declaring rights based thereon, are legislative acts. Computing the amounts of the *maxima,* determining the dates from which they shall be effective, and designating the rights of the parties in such event, are considered to be legislative functions which Congress may validly delegate to the administrative agency. (*Bowles* v. *Willingham,* 321 U.S. 503.) When the Housing Expediter allows an increase as of the filing date of the petition, this legislative act conflicts with local legislative provisions which in effect preclude retroactive increases. In such event the State law must give way. *Testa* v. *Katt,* 330 U.S. 386; *Case* v. *Bowles,* 327 U.S. 92, 102-103.

The Federal law extinguishes the voluntary nature of the relationship—on which our State law is predicated—and substitutes a compulsory one. Where the tenant receives the advantage of its privileges he must also bear its burdens, including that created by the danger that government may allow his landlord to charge a higher rental, and that retroactively. (*Wasservogel* v. *Meyerowitz,* 300 N.Y. 125, 89 N.E. 2d 712, 716.) Where the maximum is lowered retroactively, the tenant acquires a right to collect the difference from the landlord even though the rent was lawful at the time it was collected. (*Woods* v. *Stone,* 333 U.S. 472.) Where the maximum is raised retroactively the landlord acquires the corresponding right to collect the difference, regardless of any State law to the contrary. The tenant, like the landlord, must be held to be aware of the possibility of a retroactive change in the amount of rent to be charged.

We hold that under article VI of the Federal constitution, ordaining that valid laws of the United States shall

be the supreme law of the land, the Federal right to collect retroactive rent prevails over rights based on the conflicting provisions of our Landlord and Tenant Act.

The judgment is reversed and the cause remanded, with directions to enter judgment for plaintiff in the amount of $100.

*Reversed and remanded, with directions.*