334 P.2d 1107

**Jeff BOURGUET, Plaintiff-Appellant,**

**v.**

**ATCHISON, TOPEKA & SANTA FE RAIL-
ROAD, a corporation, Defendant-
Appellee.**

**No. 6387.**

Supreme Court of New Mexico.

Dec. 31, 1958.

McAtee, Toulouse & Marchiondo, Lorenzo A. Chavez, Arturo G. Ortega and Melvin L. Robins, Albuquerque, for appellant.

B. G. Johnson, R. G. Cooper, Albuquerque, for appellee.

George L. Reese, Jr., Carlsbad, amicus curiae.

McGHEE, Justice.

This appeal is from a judgment based upon what is commonly referred to as the Federal Employers' Liability Act, 45 U.S. C.A. §§ 51–60.

The appellee filed a motion to dismiss the appeal upon the ground that the District Court of Bernalillo County was without jurisdiction to hear and determine the case because of the provisions of Chapter 43, Laws of 1947 (§ 16–1–7 N.M.S.A., 1953), as follows:

"No court of the state of New Mexico shall have jurisdiction of, or enter any order or decree of any character in any action instituted or attempted to be instituted in the courts of this state, seeking to enforce, directly or indirectly, any federal statute, or rule or regulation described in section 1 hereof, where the Congress

of the United States has curtailed, withdrawn or denied the district courts of the United States the right to enforce such statutes, rules or regulations aforesaid."

The movant in its last statement of its position, in answer to an amicus curiae brief, states that the fundamental legal questions involved are:

"1. Has the Congress of the United States curtailed, withdrawn, or denied the jurisdiction of the United States District Courts, by limiting the right of removal?

"2. Does the Congress of the United States, under the supremacy clause of the constitution or any other clause under the constitution, have the power to force jurisdiction upon courts of the various states where the constitution of the state or the legislature of the state has limited such jurisdiction?

"3. Has the legislature of New Mexico, by a valid and constitutional exercise of legislative power, limited the jurisdiction of the state district court to hear cases arising under the laws of the United States?"

The movant contends affirmative answers should be given to the first and third questions and a negative one to the second proposition.

■ In support of the first question the movant asserts that while a FELA case may be filed at the election of a plaintiff in either the state or federal courts, there is no right of removal on the part of the railroad to the federal courts, and that thereby the jurisdiction of the federal court is limited and curtailed.

The clear answer to this question, under the authorities construing the amendment denying the right of removal, is that such presents a matter of venue and not one of jurisdiction; that the case could be filed in the federal court, assuming the requisite amount of money was involved, and there would be complete jurisdiction in the federal court to determine the case. Carpenter v. Baltimore & Ohio R. Co., 6 Cir., 1940, 109 F.2d 375.

The first contention is not well taken.

Proposition two omits a very material fact. For a yes or no answer there should be included at the proper place in effect the following:

"Where the courts of the state have jurisdiction to try like cases arising under the laws of the state."

We will dispose of questions two and three together.

New Mexico has the Federal Employers' Liability Act set out in its constitution in Article XX, § 16 and Article XXII, § 2 where the federal act and all amendments thereto until otherwise provided by law are adopted. These provisions create a cause of action against a common carrier

railroad for an injury or death while engaged in intrastate commerce and read as follows:

"Sec. 16. Every person, receiver or corporation owning or operating a railroad within this state shall be liable in damages for injury to, or the death of, any person in its employ, resulting from the negligence, in whole or in part, of said owner or operator, or of any of the officers, agents or employees thereof, or by reason of any defect or insufficiency, due to its negligence, in whole or in part, in its cars, engines, appliances, machinery, track, roadbed works or other equipment.

"An action for negligently causing the death of an employee as above provided shall be maintained by the executor or administrator for the benefit of the employee's surviving widow or husband and children; or if none, then his parents; or if none, then the next of kin dependent upon said deceased. The amount recovered may be distributed as provided by law. Any contract or agreement made in advance of such injury with any employee waiving or limiting any right to recover such damages shall be void.

"This provision shall not be construed to affect the provisions of section two of article twenty-two of this Constitution, being the article upon Schedule."

"Sec. 2. Until otherwise provided by law, the act of congress of the United States, entitled, 'An act relating to liability of common carriers, by railroads to their employees in certain cases,' approved April twenty-two, nineteen hundred and eight, and all acts amendatory thereof, shall be and remain in force in this state to the same extent that they have been in force in the territory of New Mexico."

Article II, § 1 reads:

"The state of New Mexico is an inseparable part of the federal Union, and the Constitution of the United States is the supreme law of the land."

The courts of New Mexico have entertained all FELA cases filed in them since statehood, and the attack made here is the first time the jurisdiction of such cases has been challenged. Our courts have heard and determined tort cases of all kinds and there is nothing in our public policy which prohibits such jurisdiction.

In such a situation under the supremacy clause of the United States Constitution, Article VI, the United States Supreme Court as well as the courts of Illinois and California have held the state courts may not refuse to hear and determine a claim arising under federal law. Article VI reads in part:

"This Constitution, and the Laws of the United States which shall be made

in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

"The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution; * * * ."

Perhaps the most direct holding of the Federal Supreme Court on this Article is that of Testa v. Katt, 1947, 330 U.S. 386, 67 S.Ct. 810, 814, 91 L.Ed. 967. There the Supreme Court of Rhode Island, 71 R.I. 472, 47 A.2d 312, held that the Rhode Island courts need not assume jurisdiction of an action brought to recover overcharges under Section 205(e) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 925 (e), for the reason that the Act was penal in its nature. After quoting Article VI the court discusses a number of its previous holdings, stating:

"The Rhode Island court in its Robinson decision [Robinson v. Norato, 71 R.I. 256, 43 A.2d 467, 162 A.L.R. 362] on which it relies cites cases of this Court which have held that states are not required by the full faith and credit clause of the Constitution to enforce judgments of the courts of other states based on claims arising out of penal statutes. But those holdings have no relevance here, for this case raises no full faith and credit question. Nor need we consider in this case prior decisions to the effect that federal courts are not required to enforce state penal laws. * * * For whatever consideration they may be entitled in the field in which they are relevant, those decisions did not bring before us our instant problem of the effect of the supremacy clause on the relation of federal laws to state courts. Our question concerns only the right of a state to deny enforcement to claims growing out of a valid federal law.

"It is conceded that this same type of claim arising under Rhode Island law would be enforced by that State's courts. Its courts have enforced claims for double damages growing out of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Thus the Rhode Island courts have jurisdiction adequate and appropriate under established local law to adjudicate this action. Under these circumstances the State courts are not free to refuse enforcement of petitioners' claim."

It is interesting to note there is but one short syllabus in the Lawyers Edition:

"The supremacy clause of the Federal Constitution precludes state courts from declining to entertain an action to enforce a valid penal law of the United States."

 All of the arguments of the movants are answered and disposed of contrary to its contention in Miller v. Municipal Court of the City of Los Angeles, 1943, 22 Cal.2d 818, 142 P.2d 297, 316. There the court reviewed all of the pertinent decisions of the Supreme Court of the United States up to its date of 1943, and plainly held that a state court having jurisdiction to enforce rights similar to those created by an act of congress had the mandatory duty to assume jurisdiction over the federally created rights.

Answering a claim of hardship similar to the one here, because of the additional burden that would result from the state enforcing federal rights in its courts, the California court stated:

"Any argument of hardship which, it may be asserted, will result from the additional burden of litigation in state courts, must be considered settled by the Supreme Court of the United States. 'We are not disposed,' the court observed, 'to believe that the exercise of jurisdiction by the state courts will be attended by any appreciable inconvenience or confusion; but, be this as it may, it affords no reason for declining a jurisdiction conferred by law.'

The existence of the jurisdiction creates an implication of duty to exercise it, and that its exercise may be onerous does not militate against that implication.' Second Employers' Liability cases, [Mondou v. New York, N. H. & H. R. Co.], 223 U.S. 1, 58, 32 S.Ct. 169, 178, 56 L.Ed. 327, 38 L.R.A.,N.S., 44."

In addition to the above authorities the reader is referred to the following cases: McKnett v. St. Louis & San Francisco Ry. Co., 1934, 292 U.S. 230, 54 S.Ct. 690, 78 L.Ed. 1227; McCarroll v. Los Angeles County District Council of Carpenters, 1957, 49 Cal.2d 45, 315 P.2d 322; Mondou v. New York, N. H. & H. Ry. Co., 1912, 233 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A.,N.S., 44; Claflin v. Houseman, 1876, 93 U.S. 130, 23 L.Ed. 833; 222 East Chestnut St. Corp. v. Berger, 1954, 3 Ill.2d 32, 119 N.E.2d 757; Teeval Co. v. Stern, 1950, 301 N.Y. 346, 93 N.E.2d 884; and Allendorf v. Elgin, Joliet & Eastern Ry. Co., 1956, 8 Ill.2d 164, 133 N.E.2d 288, 290.

In the last case it was stated:

"It is clear that a State can no longer refuse to entertain wrongful death actions which originate under the laws of a sister State, if, like Illinois, it entertains such actions when they arise under its own laws. Section 2 of our Injuries Act has thus been limited to apply only to suits arising under the laws of the United States or of a

foreign country. As a practical matter, this means that it applies only to cases arising under the laws of the United States. But it has also been held that a State cannot discriminate against rights which arise under Federal law, as does the right in this case. McKnett v. St. Louis & San Francisco Railway Co., 292 U.S. 230, 54 S.Ct. 690, 78 L.Ed. 1227. In effect, therefore, we have here the problem that was presented in the McKnett case. There, by the language of the statute, cases arising under a Federal statute were excluded. Here, by the interplay of judicial decisions, instead of the direct language of the statute, the same discrimination results. 'A statute valid when enacted may become invalid by change in the conditions to which it is applied.' Nashville, Chattanooga & St. Louis Railway Co. v. Walters, 294 U.S. 405, 414, 55 S.Ct. 486, 488, 79 L.Ed. 949. We hold, therefore, that insofar as section 2 of the Injuries Act prevents the bringing of actions within this State to recover damages for wrongful acts resulting in death committed without the State, it is contrary to Article VI of the United States constitution."

The supremacy clause of the Federal Constitution is as binding on the legislature of a state as it is on its courts and it requires the courts of New Mexico to hear this case. We are bound to follow the decisions of the United States Supreme Court interpreting Federal Constitutional provisions. Silva v. Crombie, 1935, 39 N.M. 240, 44 P.2d 719.

If we give the effect contended for to the 1947 Act here in question and a New Mexico citizen is injured while working for a railroad carrier while engaged in interstate commerce the courts of New Mexico would be closed to him. True, if his claim amounted to ten thousand dollars or more the federal court would be open to him, but if he desired to try his case in a state court he would have to go to some other jurisdiction. Not even the federal court would hear his case if his claim was for less than ten thousand dollars.

We had three of these cases here where motions were filed raising the same questions as here. Briefs were filed by the attorneys in the cases as well as some briefs by amici curiae but who were actually pecuniarily interested in the result.

At the invitation of this Court, Honorable George L. Reese of Carlsbad filed a very able brief as amicus curiae, and for which we express our thanks.

The motion is without merit and it is denied.

A decision on the merits in this case will follow in due course.

And it is so ordered.

LUJAN, C. J., and SADLER, COMPTON and SHILLINGLAW, JJ., concur.