695 P.2d 1318

STATE of New Mexico, ex rel. SOUTH-
ERN PACIFIC TRANSPORTATION
COMPANY, Petitioner,

v.

Hon. Stanley F. FROST, Respondent.

No. 15152.

Supreme Court of New Mexico.

Feb. 4, 1985.

Rehearing Denied March 6, 1985.

White, Koch, Kelly & McCarthy, David F. Cunningham, William Booker Kelly, Santa Fe, for petitioner.

Johnson & Lanphere, Eric D. Lanphere, Albuquerque, for AT & SF amicus curiae.

Ortega & Snead, Arturo Ortega, Albuquerque, for respondent and real parties in interest.

Sarah Michael Singleton, Jones, Gallegos, Snead & Wertheim, J.E. Gallegos, Santa Fe, for amicus curiae League of United Latin American Citizens of New Mexico, Image de Nuevo Mexico and Hispano Chamber of Commerce of Las Vegas, New Mexico.

## OPINION

STOWERS, Justice.

Petitioner, Southern Pacific Transportation Co. (Southern Pacific), filed a petition for writ of prohibition, writ of mandamus, or writ of superintending control stating that the district court's denial of its timely motion for a change of venue and subse-

quent order to proceed to jury trial in Guadalupe County violates its due process rights granted under the Fourteenth Amendment of the United States Constitution.

The issue we determine is whether the district court erred in denying the motion for a change of venue.

Albert J. Elevario (Elevario) brought this action in the district court of Guadalupe County seeking damages against Southern Pacific for personal injuries he claimed were suffered while under Southern Pacific's employ. Elevario filed the claim under the Federal Employers' Liability Act (FELA), 45 U.S.C. Sections 51 to 60 (1976). *See* N.M. Const. art. XX, § 16 and art. XXII, § 2; *see also Bourguet v. Atchison, Topeka & Santa Fe Railroad,* 65 N.M. 200, 334 P.2d 1107 (1958). He subsequently filed a demand for a twelve person jury.

Southern Pacific then filed a timely motion for a change of venue requesting that the court change the venue outside the Fourth Judicial District on the ground that Southern Pacific could not obtain a fair and impartial trial in San Miguel, Mora, or Guadalupe Counties. Alternatively, Southern Pacific sought dismissal of the action without prejudice based on the doctrine of forum non conveniens. Southern Pacific submitted live testimony, affidavits, and exhibits in support of its contention that it could not receive a fair trial; however, the district court denied the motion. The district court subsequently amended its order to allow Southern Pacific to seek an interlocutory appeal. The Court of Appeals denied Southern Pacific's application for an interlocutory appeal and Southern Pacific filed this petition.

■ The FELA confers concurrent jurisdiction on the state and federal courts over causes of action arising under it. It further provides for venue where the defendant resides, is doing business, or the cause of action arose. 45 U.S.C. § 56 (1976). These generous venue provisions, however, do not preclude application of the doctrine of forum non conveniens in the appropriate case. Although the plaintiff's choice of forum should be given a great deal of deference, this consideration is not absolute. *Foster v. Chicago & North Western Transportation Co.,* 102 Ill.2d 378, 80 Ill.Dec. 746, 466 N.E.2d 198 (1984). A forum that has no significant factual connections to the cause of action should not try the case. *Id.*

■ This Court previously discussed the doctrine of forum non conveniens in *Buckner v. Buckner,* 95 N.M. 337, 622 P.2d 242 (1981). In *Buckner* we quoted from the leading case, *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). In *Gulf,* the United States Supreme Court described factors to be weighed in determining whether the doctrine should be invoked:

> Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, "vex," "harass," or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. (Footnote omitted.)

*Id.* at 508, 67 S.Ct. at 843. Although the doctrine has generally been applied in interstate cases, the principles and rationale underlying its application are as valid on an intrastate as on an interstate basis. *Torres v. Walsh,* 98 Ill.2d 338, 74 Ill.Dec. 880, 456 N.E.2d 601 (1983).

■ A review of the factors involved in this case indicate that the accident occurred

in Tucumcari, which is in Quay County. The plaintiff was originally treated by doctors in Tucumcari, and many of the witnesses reside in Tucumcari. Moreover, if a view of the premises of the accident is appropriate, that also would occur in Quay County. Most, if not all, of the significant factual connections to the cause of action are in Quay rather than Guadalupe County. For this reason, we determine that the case should be transferred to Quay County on the basis of forum non conveniens.

Our disposition of this case on the basis of forum non conveniens makes it unnecessary to determine whether proceeding to trial in Guadalupe County violates Southern Pacific's constitutional rights. Nevertheless, allegations that a non-resident defendant is unable to receive a fair trial in the Fourth Judicial District concern this Court. The evidence regarding eleven jury verdicts in personal injury cases in Guadalupe County which was obtained by surveying jury verdicts from January 1968 through December 1982 does not furnish a sufficient basis to conclude that non-resident defendants cannot receive a fair trial in that county.

Several of the personal injury cases involved FELA actions. Because of the significant difference in the burden of proof required for FELA cases than for ordinary negligence cases, FELA cases cannot be considered valid samples to show general bias or prejudice of the people in Guadalupe County against non-resident defendants. *Compare* NMSA 1978, UJI Civ. 9.15 (Repl.Pamp.1980) (slightest negligence playing any part, however small, in causing or contributing to the injury sufficient for liability in FELA cases) *with* NMSA 1978, UJI Civ. 3.8 (Repl.Pamp.1980) (in ordinary negligence cases "the proximate cause of an injury is that which in a natural and continuous sequence [unbroken by an independent intervening cause] produces the injury, and without which the injury would not have occurred"). *See also Clinard v. Southern Pacific Co.,* 82 N.M. 55, 475 P.2d 321 (1970).

Without the FELA actions, only five of the personal injury cases involved a resident plaintiff versus a non-resident defendant, and one of them resulted in a hung jury. Four personal injury cases in fifteen years is not a sufficient sample for this Court to determine that non-resident defendants do not receive a fair trial. However, this Court will not condone a situation that deprives anyone of their right to a fair trial; and if such is the case, drastic solutions will be considered.

Since the statute of limitations involved in this case may have run, the result we reach in this case is conditioned on Southern Pacific's waiver of the statute of limitations defense when the cause is transferred to Quay County. If Southern Pacific refuses to waive the statute of limitations defense, then the cause is remanded to the district court in Guadalupe County. *See, e.g., Lowe v. Norfolk & Western Railway Co.,* 124 Ill.App.3d 80, 79 Ill.Dec. 238, 463 N.E.2d 792 (1984), *appeal denied,* 102 Ill.2d 121, 81 Ill.Dec. 711, 467 N.E.2d 582 (1984).

This cause is remanded to the district court for proceedings consistent with this opinion.

IT IS SO ORDERED.

FEDERICI, C.J., and WALTERS, J., concur.

RIORDAN, J., specially concurring.

SOSA, Senior Justice, not participating.

RIORDAN, Justice (specially concurring).

The main purpose for my specially concurring opinion is to publish the statistics and facts that I believe are going to force this Court or the legislature to take some action to protect litigants that appear in the courts of this state.

Petitioner's evidence presented to the district court contained some very startling statistics that compel a change in venue. The clerk of the district court, at the request of petitioner, surveyed all civil negligence cases that were tried before a jury in

the fourth district between 1968 and 1982 (twenty-two cases). The survey showed that during those dates, in all civil jury cases that went to trial before a jury in the fourth district between a resident and a nonresident, the *nonresident* lost the case. This was true whether the nonresident was the plaintiff or defendant. The clerk of the court, who had worked in the clerk's office for over eighteen years, also testified that in her opinion, a nonresident defendant could *not* get a fair trial before a jury in the fourth district.

Another witness, Dr. David Phillips, prepared a statistical analysis of the jury verdicts in the Fourth Judicial District for the same fifteen year period (1968–82). The analysis showed that a resident plaintiff recovered fifty-nine percent of the time when the suit was against a resident defendant. However, the resident plaintiff recovered one hundred percent of the time when the suit was against a nonresident defendant. Dr. Phillips also analyzed the size of the verdicts in the Fourth Judicial District. The analysis showed that when a resident plaintiff recovered from a resident defendant, the average verdict was $33,907. However, when a resident plaintiff recovered against a nonresident defendant, the average verdict was $268,735.

There was additional evidence presented by affidavit and testimony of attorneys and others on both sides of this issue on whether or not a nonresident defendant may receive a fair trial before a jury in the fourth district.

It appears to me, that given the statistics and considering the evidence presented, the petitioner has shown that it probably cannot receive a fair trial from a jury in the fourth district. It is hard to conceive of more compelling evidence for the need for a change of venue than that of the testimony of the clerk of the court, stating that a nonresident will not get a fair trial.