929 P.2d 263

**FIRST FINANCIAL TRUST COMPANY, as personal representative of the Estate of Donald Siglock and conservator for Aubrey Heather Siglock, Jennifer Dawn Rogan, Tamara Shane Rogan, and Christopher William Rogan, and Linda Siglock, individually, Petitioners,**

v.

**The Honorable Robert H. SCOTT, Respondent,**

and

**Los Alamos Ski Club, Inc., Real Party in Interest.**

No. 23283.

Supreme Court of New Mexico.

Nov. 18, 1996.

Butt, Thornton & Baehr, P.C., James P. Lyle, Albuquerque, for Petitioners.

Tom Udall, Attorney General, Santa Fe, for Respondent.

McClaugherty, Silver & Downs, Joe L. McClaugherty, Jere K. Smith, Santa Fe, for Real Party in Interest.

Michael B. Browde, William H. Carpenter, Albuquerque, for Amicus New Mexico Trial Lawyers Association.

## OPINION

RANSOM, Justice.

1. As personal representative of the estate of David Siglock and as conservator for his surviving children, First Financial Trust Company seeks a writ of superintending control pursuant to Rule 12–504 NMRA 1996. First Financial filed an action under the wrongful death statute, NMSA 1978, § 41–2–1 (Repl.Pamp.1996), and Linda Siglock, individually as the widow of David Siglock, joined to assert a claim for loss of spousal consortium. Plaintiffs sued the Los Alamos Ski Club, Inc., in the Second Judicial District Court within Bernalillo County where First Financial has its principal place of business. The Ski Club, which operates the Pajarito Ski Area in Los Alamos County, moved to transfer venue based on the doctrine of forum non conveniens, asserting that the First Judicial District, Los Alamos County, was the appropriate forum for the action.

2. The district court found that the action had significantly more contacts with Los Alamos County than Bernalillo County and granted the motion to transfer the lawsuit. First Financial petitioned this Court for a writ of superintending control, seeking to quash the transfer of venue. After hearing oral argument, this Court granted an alternative writ of superintending control and ordered briefs and further argument on the issue whether forum non conveniens is or should be a doctrine available in New Mexico to allow intrastate transfer from one court to another. Holding that an intrastate doctrine of forum non conveniens does not exist in

New Mexico, we make permanent the alternative writ of superintending control and quash the transfer of venue.

3. *The accident.* David Siglock, a resident of Los Alamos, New Mexico, was found dead at the foot of a ski run at the Pajarito Ski Area in Los Alamos. He apparently had lost control while skiing and was fatally injured when he struck a tree. He had been skiing down a beginners run named "I Don't Care" or another run named "One More Time," trails that intersect near where Siglock's body was found. The estate alleges it was "I Don't Care" and that the Ski Club intentionally had made this run, the only run classified for novices, unusually and dangerously fast for the purpose of videotaping a re-creation of a downhill race the following day. An employee of the Ski Club had skied the run earlier that day and determined that the run was very "hard, icy, and fast." The estate alleges that the employee expressed her concerns to a ski school instructor, but no action was taken. While there were no witnesses to the fatal accident, there were many witnesses to the condition of the ski run that morning.

4. *Venue.* The venue statute provides in relevant part that:

All civil actions commenced in the district courts shall be brought and shall be commenced in counties as follows and not otherwise:

A. First, except as provided in Subsection F of this section relating to foreign corporations, all transitory actions shall be brought in the county where either the plaintiff or defendant, or any one of them in case there is more than one of either, resides; or second, in the county where the contract sued on was made or is to be performed or where the cause of action originated or indebtedness sued on was incurred; or third, in any county in which the defendant or either of them may be found in the judicial district where the defendant resides.

NMSA 1978, § 38–3–1(A) (Cum.Supp.1996). Venue was proper in the Second Judicial District, therefore, because First Financial has its primary place of business within Bernalillo County.

5. *Forum non conveniens.* The doctrine of forum non conveniens recently was discussed in detail by this Court in *Marchman v. NCNB Texas National Bank,* 120 N.M. 74, 898 P.2d 709 (1995), and revisited again in *Pierce v. Albertson's Inc.,* 121 N.M. 369, 371, 373, 911 P.2d 877, 879, 881 (1996). As we described it in *Marchman,* "The doctrine of forum non conveniens allows a court that has jurisdiction over the parties and subject matter involved to decline to exercise jurisdiction when trial in another forum 'will best serve the convenience of the parties and the ends of justice.'" *Id.* at 85, 898 P.2d at 720 (quoting *Koster v. (American) Lumbermens Mut. Casualty Co.,* 330 U.S. 518, 527, 67 S.Ct. 828, 833, 91 L.Ed. 1067 (1947)).

6. This Court consistently has recognized the doctrine and has allowed its application on an *inter*state basis. *See, e.g., Buckner v. Buckner,* 95 N.M. 337, 338–39, 622 P.2d 242, 243–44 (1981) (discussing history of doctrine in New Mexico and defining the determinative factors in accordance with the "leading case on this doctrine," *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). In *State ex rel. Southern Pacific Transportation Co. v. Frost,* 102 N.M. 369, 370, 695 P.2d 1318, 1319 (1985), we also recognized the *intra*state application of forum non conveniens. It was apparently upon this authority that the district court relied in transferring this action from the Second Judicial District to the First Judicial District.

7. The trial court determined that justice would be better served if the case were heard in Los Alamos County instead of Bernalillo County, stating:

In rendering this decision, the Court considered the lack of any substantial connections between the facts of the case and the Second Judicial District. These include:

1. The accident allegedly happened in Los Alamos County;

2. The decedent resided in Los Alamos County;

3. The minor children reside in Los Alamos County;

4. Many witnesses are located in Los Alamos County; and

5. Plaintiff Linda Siglock resides in Los Alamos County.

Plaintiff argues that because First Financial Trust Company has an office in Albuquerque, the matter should be heard in the Second Judicial District. First Financial Company is a consent Personal Representative for the purposes of the New Mexico Wrongful Death Act. This does not overcome the compelling reasons to transfer venue.

8. If the doctrine of forum non conveniens were to apply in this situation, the district court would not have abused its discretion had it *dismissed* the complaint. Granting a motion to *transfer*, however, is questionable aside from the propriety of any doctrine of intrastate forum non conveniens. The common law doctrine of forum non conveniens allows only for the dismissal of a lawsuit, not the transfer of a lawsuit. It is well established that a federal statute which allows transfer to any other federal district or division "[f]or the convenience of parties and witnesses," 28 U.S.C. § 1404(a) (1994), was enacted as an expansion of the common-law doctrine of forum non conveniens, not a codification of it. *See, e.g., Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 253, 102 S.Ct. 252, 264, 70 L.Ed.2d 419 (1981) (noting that the statute "was intended to be a revision rather than a codification of the common law").

Section 1404(a) of Title 28 was adopted as part of the Judicial Code of 1948. It provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Prior to its enactment it had been held that a federal court might dismiss an action brought in a proper, but inconvenient, district under the doctrine of forum non conveniens, but § 1404(a) was new in allowing *transfer* of an action from a district and division in which venue had been properly laid to some other, more convenient, district and division.

15 Charles A. Wright et al., *Federal Practice and Procedure* § 3841, at 319 (2d ed.1986) (emphasis added) (footnotes omitted).

9. Although the *Frost* Court ruled in favor of a *transfer* in response to a motion to *dismiss* for forum non conveniens, the Court nonetheless conditioned its remand for transfer of the case to Quay County on Southern Pacific's waiver of a potential statute-of-limitations defense that would have been applicable to dismissal rather than transfer. 102 N.M. at 371, 695 P.2d at 1320. It is evident that the adoption of a doctrine of intrastate transfer for forum non conveniens was not fully explored in *Frost*, and we have since refused to extend the holding of that case. *See Team Bank v. Meridian Oil Inc.,* 118 N.M. 147, 151, 879 P.2d 779, 783 (1994) (declining to extend *Frost* "beyond its factual boundaries"); *cf. Bracken v. Yates Petroleum Corp.,* 107 N.M. 463, 464, 760 P.2d 155, 156 (1988) (questioning "whether the distinction between proper and improper venue for the initial filing is a meaningful distinction for granting or denying nonstatutory authority to transfer"). We address the dispositive issue whether to recognize a doctrine of intrastate forum non conveniens without regard to whether transfer or dismissal is at issue.

10. *Intrastate forum non conveniens.* In *Frost* an employee of Southern Pacific filed a claim under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60 (1976), in the district court of Guadalupe County. Southern Pacific filed a motion for change of venue on due process grounds, arguing it could not obtain a fair and impartial trial in Guadalupe County. In a special concurrence Justice Riordan addressed the merits of this motion, stating:

It appears to me, that given the statistics and considering the evidence presented, the petitioner has shown that it probably cannot receive a fair trial from a jury in the fourth district. It is hard to conceive of more compelling evidence for the need for a change of venue than that of the testimony of the clerk of the court, stating that a nonresident will not get a fair trial.

*Frost,* 102 N.M. at 372, 695 P.2d at 1321 (Riordan, J., specially concurring). The majority chose to decide the case on the alterna-

tive motion for dismissal on the doctrine of forum non conveniens, determined as a matter of law that the circumstances required transfer to Quay County, and reversed the trial court's denial of either transfer or dismissal without prejudice. *Id.* at 370–71, 695 P.2d at 1319–20.

11. We previously have noted that *Frost* "adopt[ed], without statutory authority, an intrastate forum non conveniens doctrine that did not previously obtain at common law." *Bracken,* 107 N.M. at 464, 760 P.2d at 156. Venue statutes constitute the legislature's statement of public policy relative to the elections available to the plaintiff for the place of trial, and many legislatures have by statute further permitted the transfer of cases from one county to another based upon the doctrine of forum non conveniens. *See, e.g.,* Ala.Code § 6–3–21.1(a) (1975); Alaska Stat. § 22.10.040 (1982); Ariz.Rev.Stat.Ann. § 12–406(B)(2) (1995); Cal.Civ.Proc.Code § 397 (West 1973); Conn.Gen.Stat. § 51–347a (1995); Fla.Stat. § 47.122 (1995); Haw. Rev.Stat. § 603–37 (1993); Ind.Code § 34–2–13–1 (1986); Kan.Stat.Ann. § 60–609(a) (1995); La.Code Civ.Proc.Ann. art. 123(A) (West 1996); Me.Rev.Stat.Ann. tit. 4, § 155(8) (West 1989); Minn.Stat. § 542.11(4) (1995); Mont.Code Ann. § 25–2–201(3) (1995); Neb.Rev.Stat. § 25–410 (1995); Nev. Rev.Stat. § 13.050(2)(c) (1995); N.H.Rev. Stat.Ann. § 507:11 (1983); N.Y.Civ.Prac.L. & R. § 510(3) (Consol.1978); N.C.Gen.Stat. § 1–83(2) (1983); N.D.Cent.Code § 28–04–07 (1991); Or.Rev.Stat. § 14.110(1)(c) (1995); 42 Pa.Cons.Stat. § 1006 (1987); S.C.Code Ann. § 15–7–100 (Law.Co-op.1976); S.D.Codified Laws Ann. § 15–5–11 (1984); Tex.Civ.Prac. & Rem.Code Ann. § 15.002(b) (West 1996); Utah Code Ann. § 78–13–9(3) (1992); Va. Code Ann. § 8.01–265 (1992); Wash.Rev. Code § 4.12–030 (1962); Wis.Stat. § 801.52 (1994).

12. Several other jurisdictions have permitted the transfer of cases through analogous "convenience" rules. *See, e.g.,* Colo.County Ct.Civ.Proc.Rule 398(d)(2) (1996); Idaho Rules Civ.Proc. 40(e) (1996); Md.Rules Civil Procedure Cir.Ct.Rule 2–327(c) & Dist.Ct.Rule 3–326(b) (1990); Wy. Court Rules Ann.Rules of Civil Procedure, Rule 40.1(a)(1) (1995). Our legislature has not, however, granted the courts of this state the power to transfer lawsuits from one county to another county unless a fair trial cannot otherwise be obtained. NMSA 1978, Section 38–3–3 (Repl.Pamp.1987), provides, in pertinent part, that:

A. The venue in all civil and criminal cases shall be changed, upon motion, to some county free from exception:

(1) whenever the judge is interested in the result of the case, or is related to, or has been counsel for any of the parties; or

(2) when the party moving for a change files in the case an affidavit of himself, his agent or attorney, that he believes he cannot obtain a fair trial in the county in which the case is pending because:

(a) the adverse party has undue influence over the minds of the inhabitants of the county; or

(b) the inhabitants of the county are prejudiced against the party; or

(c) because of public excitement or local prejudice in the county in regard to the case or questions involved therein, an impartial jury cannot be obtained in the county to try the case; or

(d) any other cause stated in the affidavit.

For us to engraft a forum-non-conveniens doctrine on the legislative choice of grounds for change of venue, the doctrine must at least have existed at common law as an exception to be inferred under the venue policies adopted by the legislature.

13. *Intrastate forum non conveniens did not exist at common law.* As we noted earlier, intrastate forum non conveniens did not exist at common law. As authority for its adoption of intrastate forum non conveniens, the *Frost* Court cited only *Torres v. Walsh,* 98 Ill.2d 338, 74 Ill.Dec. 880, 456 N.E.2d 601 (1983). We are aware of only two states—Illinois and Oklahoma—which have held that intrastate forum non conveniens existed at the common law.

14. In *Walsh* the plaintiff, a resident of Texas, filed suit in Cook County, Illinois, for injuries resulting from an automobile accident and medical malpractice that occurred

in Sangamon County, Illinois. Venue was proper in Cook County, but the defendants requested a transfer to Sangamon County. The Illinois Supreme Court held that it was proper to transfer the case based upon an intrastate application of forum non conveniens. *Id.,* 74 Ill.Dec. at 884, 456 N.E.2d at 605. The court acknowledged that the trial court did not have statutory authority to do this, but it found such authority in the common law. Dissenting, Judge Goldenhersh disagreed strongly with the position of the majority, stating that "[t]here is no basis in statutory or case law for the transfer of this cause" and that "[t]his court has consistently held that the determination of venue is for the legislature." *Id.* at 887–88, 456 N.E.2d at 608–09 (Goldenhersh, J., dissenting). "The majority cites a number of jurisdictions which have, by statute, authorized what the circuit court did here. This further demonstrates that, absent statutory authority, [transfer] was improper." *Id.* at 888, 456 N.E.2d at 609.

15. In support of the majority position the *Walsh* court discussed only one case, *Holmes v. Wainwright,* 102 Eng.Rep. 624 (K.B.1803). In *Holmes* the court allowed the transfer of a case from London to Yorkshire based upon the doctrine of forum non conveniens. *Id.* The Court applied a balancing test and found that "here all the witnesses live at a great distance, and the expense of bringing them up must be very great, and there is no convenience balancing on the other side." We do not find the transfer from a county in southern England to another county in northern England at the beginning of the nineteenth century to be sufficiently analogous to the transfer between counties in the State of New Mexico at the end of the twentieth century. The Missouri Supreme Court aptly has noted that "[w]ithin the geographical confines of Missouri, transfer from one proper venue to another proper venue ... is not required ... [because statutorily-provided venue] presupposes legislative determination that it cannot be overly inconvenient for a defendant to appear in that location." *Willman v. McMillen,* 779 S.W.2d 583, 586 (Mo.1989) (en banc).

16. In *Gulf Oil Co. v. Woodson,* 505 P.2d 484 (Okla.1972), the Supreme Court of Oklahoma recognized the doctrine of forum non conveniens in an intrastate setting. The way that it recognized the doctrine, however, was by noting an unreported case in which it had allowed intrastate forum non conveniens. *Id.* at 488 (noting that the case was "not precedent because [it was] not officially reported"). The Oklahoma court provided neither explanation nor analysis for its recognition of intrastate forum non conveniens. *Id.* Based upon this one citation of an unreported decision which was acknowledged as having no precedential value, subsequent decisions in Oklahoma have held that intrastate forum non conveniens existed at common law. *See, e.g., Stevens v. Blevins,* 890 P.2d 936 (Okla. 1995); *Simpson v. Woodson,* 508 P.2d 1069 (Okla.1973).

17. *Frost overruled.* We have been unable to find any persuasive precedent in the common law, of this state or any other, for the continued recognition of this doctrine, and we believe it would be improper to allow *Frost* to stand in light of our analysis. Therefore, we expressly overrule *Frost* insofar as it is inconsistent with this opinion. The doctrine of stare decisis does not preclude us from overruling improvident precedent, even recent precedent. *See, e.g., Hicks v. State,* 88 N.M. 588, 591, 544 P.2d 1153, 1156 (1976); *State v. Alderette,* 111 N.M. 297, 299 n. 1, 804 P.2d 1116, 1118 n. 1 (Ct.App. 1990). We are well aware of certain problems that may arise from the absence of a transfer mechanism based upon the convenience of the parties, but it is improper for the judiciary to create such a mechanism when the legislature has determined the policy of this state relative to election of proper venues.

18. We acknowledge that our holding in this case may lead to forum shopping by plaintiffs. However, through the adoption of the venue statute, the legislature has given plaintiffs proper venue in several counties in many situations. Under the current scheme, therefore, a plaintiff may choose between several judicial districts for a variety of reasons. New Mexico is one of only a handful of states that has such an expansive venue stat-

ute without also having methods by which cases may be transferred based upon the convenience of the parties or in the interests of justice. It well may be that plaintiffs in New Mexico have advantageous options in their forum choices, but this is the power given to plaintiffs in New Mexico. The legislature is presumed to have understood the full impact of its legislation. *See State ex rel. Public Employees Retirement Bd. v. Mechem*, 58 N.M. 495, 499, 273 P.2d 361, 364 (1954). It is not for this Court to curtail or alter the enactment of a general venue statute by expanding the doctrine of forum non conveniens. If intrastate forum shopping is objectionable, then this must be remedied by legislative action not judicial invention.

19. We note that amicus curiae also has argued that *Frost* be overruled because intrastate forum non conveniens is unnecessary under the language of the venue statute. They contend that the language "for any ... cause stated in the affidavit" would allow a party to transfer venue in cases in which there is gross inconvenience. Amicus fail, however, to provide any precedential support for its interpretation of this statutory provision. Since we have already overruled *Frost* on other grounds, we need not decide whether this interpretation of the statute is proper.

20. Additionally, it has been argued by First Financial and amicus curiae that there are many public policy reasons for not recognizing the intrastate application of the doctrine of forum non conveniens. The advent of the information age, with cellular phones, fax machines, jet travel, video taped depositions, and interstate highways, has "significantly altered the meaning of 'non conveniens.'" *Calavo Growers v. Generali Belgium*, 632 F.2d 963, 969 (2d Cir.1980). If

it is true that the inconvenience of defending an action in another state has decreased due to technology, it must also be true that this inconvenience has virtually disappeared within the territory of an individual state.

> The improvement of the highway system, the expansion of scheduled air service, and the spread of new technologies have all but eliminated the obstacles that once hindered the ability of parties to litigate their cases in different parts of the State. Long-distance communication has become routine. Travel is safe, easy, fast and affordable.

*Peile v. Skelgas, Inc.*, 163 Ill.2d 323, 206 Ill.Dec. 179, 189, 645 N.E.2d 184, 194 (1994) (Harrison, J., dissenting). However, since we have determined that the judiciary lacks the authority to adopt intrastate forum non conveniens, we need not evaluate these policy arguments.

21. *Conclusion.* Finding that the doctrine of forum non conveniens is inapplicable to motions to transfer a lawsuit intrastate from one county to another, we issued our writ of superintending control vacating the order of the district court.

22. **IT IS SO ORDERED.**

WE CONCUR:

FRANCHINI, MINZNER and McKINNON, JJ., concur.