911 P.2d 877

Charles F. **PIERCE**, Plaintiff–Petitioner,

v.

**ALBERTSON'S INC.**, a Delaware corporation, Defendant–Respondent.

No. 23240.

Supreme Court of New Mexico.

Jan. 29, 1996.

Alexander A. Wold, Jr., P.C., Alexander A. Wold, Jr., Albuquerque, for Petitioner.

Beall & Biehler, P.A., Lisa P. Ford, Albuquerque, for Respondent.

## OPINION

RANSOM, Justice.

1.  Charles F. Pierce is a resident of Bernalillo County, New Mexico. Albertson's Inc. is a Delaware corporation with its principal place of business in Idaho. Pierce was injured when he fell on a loading dock at the Albertson's supermarket distribution center in Portland, Oregon. He alleges that while unloading merchandise he slipped in rainwa-

ter that had collected on the loading dock because of a defective or worn weather seal and that the water made the dock unreasonably dangerous. He received emergency treatment in Oregon and then underwent significant medical treatment in New Mexico. His medical bills exceed $50,000, most of which expense he incurred in New Mexico. Pierce filed suit against Albertson's in the Second Judicial District Court, Bernalillo County, where Albertson's operates five of its nine New Mexico supermarkets.

■ 2. Albertson's moved to dismiss, claiming that New Mexico was an inconvenient forum. The district court granted the motion, and in an unpublished memorandum opinion the Court of Appeals affirmed the dismissal. Relying upon our opinion in *Marchman v. NCNB Texas National Bank,* 120 N.M. 74, 898 P.2d 709 (1995), the Court ruled that the district court's application of the forum-non-conveniens doctrine was not an abuse of discretion. We granted Pierce's petition for certiorari pursuant to NMSA 1978, Section 34–5–14(B) (Repl.Pamp.1990) and SCRA 1986, 12–502 (Repl.Pamp.1992). In the absence of findings and conclusions upon which to review the district court's exercise of discretion, we consider de novo the merits of the dismissal. We reverse the district court and the Court of Appeals and remand to the district court.

■ 3. *Doctrine of forum non conveniens.* In *Marchman* we thoroughly discussed the doctrine of forum non conveniens. There we said, "The doctrine of forum non conveniens allows a court that has jurisdiction over the parties and subject matter involved to decline to exercise jurisdiction when trial in another forum 'will best serve the convenience of the parties and the ends of justice.'" *Marchman,* 120 N.M. at 85, 898 P.2d at 720 (quoting *Koster v. (American) Lumbermens Mut. Casualty Co.,* 330 U.S. 518, 527, 67 S.Ct. 828, 833, 91 L.Ed. 1067 (1947)). As we noted in *Marchman,* two types of factors must be considered when deciding whether to dismiss an action due to forum non conveniens. A court must consider what have been termed the private interest factors and the public interest factors. *Id.*

4. In *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), the U.S. Supreme Court listed five private interest factors and four public interest factors to be considered by the federal courts in determining forum-non-conveniens motions. These factors, beginning with the private interest factors, are:

(1) "the relative ease of access to sources of proof";

(2) the "availability of compulsory process for attendance of unwilling" witnesses;

(3) "the cost of obtaining attendance of willing[ ] witnesses";

(4) the "possibility of view of premises, if view would be appropriate to the action"; and

(5) "all other practical problems that make trial of a case easy, expeditious and inexpensive."

The trial court must also consider factors of public interest in applying the doctrine, including:

(1) administrative difficulties for courts when litigation is filed in "congested centers instead of being handled at its origin";

(2) imposition of jury duty "upon the people of a community which has no relation to the litigation";

(3) the "local interest in having localized controversies decided at home"; and

(4) avoidance of unnecessary problems in conflicts of laws or the application of foreign law.

*Marchman,* 120 N.M. at 85, 898 P.2d at 720 (citation omitted) (quoting *Gulf Oil,* 330 U.S. at 508–09, 67 S.Ct. at 843).

5. *Contentions of the parties.* Albertson's has alleged that New Mexico is an inconvenient forum and that Oregon is a more appropriate forum for this case. As examples of inconvenience, Albertson's recites the following. The incident in question occurred at a dock in Portland and involves the physical condition of the dock. The attorneys for Albertson's would visit the site before instituting formal discovery. All of Albertson's witnesses to the condition of the dock reside in or around Portland. Weather and climate conditions in Portland likely will

be at issue in the case. The action will involve Portland building codes. Albertson's contends that the law of Oregon will apply in this action. Albertson's notes that the health care professionals who first treated Pierce all reside in or around Portland. Albertson's also alleges that it will be extremely expensive to conduct discovery in Oregon. Albertson's has agreed to permit videotaped depositions of Pierce's physicians in New Mexico. Also, the district court in New Mexico does not have the power to subpoena and compel unwilling Oregon witnesses to appear at trial. Finally, Albertson's complains of the expense of arranging for witnesses to travel from Oregon to New Mexico.

6. Pierce argues that New Mexico is not an inconvenient forum. Pierce is a resident of New Mexico. He allegedly has incurred substantial medical costs as a result of his injury, and almost all of his medical treatment occurred in New Mexico. Pierce alleges that he would call his treating physicians as expert witnesses, and all of his treating physicians except those treating him immediately after the incident are residents of New Mexico. Pierce further alleges that the only witnesses from Oregon would be employees of Albertson's who would have evidence about the maintenance of the dock. Pierce notes that Albertson's was unable to name any witnesses to the occurrence, and Albertson's has not alleged that any specific witness would be unwilling to testify at trial. The dock in Oregon could be videotaped, as could Albertson's witnesses. Pierce contends that the cost of travelling to Oregon and the cost of paying for his physicians to travel to Oregon would be substantial.

■ 7. *Findings of fact lacking.* In considering forum-non-conveniens factors, a court should be influenced by the showing of facts, not by mere argument that inconveniences may develop if the case is litigated in the local forum. The longer the case proceeds in the discovery stage, however, the less likely is the success of a forum-non-conveniens motion because dismissal at such a stage loses much judicial economy. The moving party, therefore, has the heavy burden of an early showing of inaccessibility of concrete sources of proof essential to a fair

adjudication—sources of testimonial, documentary, and demonstrative proof. Showings of expense and delay and of public interest likewise must be concrete and not speculative.

■ 8. As we noted in *Marchman,* filed one month before, but published two weeks after, the district court's dismissal of this action, "the trial court should make findings and conclusions supporting its ruling on the forum non conveniens motion, either 'set out in writing or clearly stated in the record.'" *Id.* at 86, 898 P.2d at 721 (quoting *In re Air Crash Disaster (Trivelloni–Lorenzi v. Pan Am. World Airways, Inc.),* 821 F.2d 1147, 1166 (5th Cir.1987)). We considered the merits of a forum-non-conveniens motion ourselves in *Marchman,* but stated that "[o]rdinarily . . . it will be considered an abuse of discretion if the court 'summarily grants or denies a motion to dismiss on forum non conveniens grounds without oral or written explanation,' or if the 'court does not supply specific reasons and develop adequate facts to support its decision.'" *Id.* (quoting *Lacey v. Cessna Aircraft Co.,* 862 F.2d 38, 43 (3d Cir.1988)).

9. Here the trial court's order simply states:

> This matter having come before the Court on Defendant Albertson's Inc.'s Motion to Dismiss for Forum Non Conveniens, the Court having read the Motions, Brief and Supporting Affidavits of both Plaintiff and Defendant, and the Court taking into consideration the fact that Defendant agrees to the taking of video depositions of Plaintiff's treating physicians who reside in New Mexico, to occur in New Mexico, the court being fully apprised of the premises, FINDS that Defendant's Motion is well taken.
>
> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that this action is dismissed pursuant to the doctrine of forum non conveniens.

This is not the articulated weighing of factors that *Marchman* requires. The record contains no written statements regarding the order, and Albertson's has not provided us with any oral findings made by the district

court during the hearing on the motion. Because *Marchman* understandably had not been brought to the attention of the trial court, however, we will consider de novo the merits of the motion to dismiss.

10. *Deference to the plaintiff.* When weighing the forum-non-conveniens factors, the district court "should give deference to the plaintiff's choice of forum." *Marchman*, 120 N.M. at 85, 898 P.2d at 720. The U.S. Supreme Court held in *Gulf Oil* that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." 330 U.S. at 508, 67 S.Ct. at 843.

> Thus, "the moving defendant … must establish that the public and private interests weigh heavily on the side of trial in the foreign forum." A foreign plaintiff's choice of forum, however, deserves less deference than a local plaintiff's selection of his or her home forum, because it may not be reasonable to assume that the foreign plaintiff's choice is convenient.
>
> The burden of persuasion is upon the defendant on all elements of the forum non conveniens analysis.

*Marchman*, 120 N.M. at 85, 898 P.2d at 720 (alteration in original) (citations omitted) (quoting *In re Air Crash Disaster*, 821 F.2d at 1164).

11. The courts of this state have a duty to hear matters properly brought before them, and we will not expand the doctrine of forum non conveniens in abrogation of this duty. As Chief Justice Marshall noted over one hundred and fifty years ago:

> It is most true that this court will not take jurisdiction if it should not: but it is equally true, that it must take jurisdiction if it should. The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the constitution. We cannot pass it by because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it if it be brought before us. We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution. Questions may occur which we would gladly avoid, but we cannot avoid them. All we can do, is to exercise our best judgment, and conscientiously to perform our duty.

*Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 404, 5 L.Ed. 257 (1821) (certain punctuation omitted). Although Chief Justice Marshall was writing about subject-matter jurisdiction, we find these comments also applicable to our discussion of the doctrine of forum non conveniens.

12. The legislature has vested in the plaintiff the choice of his or her home venue in personal-injury actions like this, and it is not the place of the courts to dismiss an action when venue and jurisdiction are proper, except when circumspect application of the doctrine of forum non conveniens dictates dismissal. Pierce, a resident of New Mexico, is entitled to bring his action where he resides and where the defendant conducts its ordinary course of business.

13. *Consideration of factors.* In considering the factors of public interest, we note no showing that the Second Judicial District Court is a "congested center" giving rise to administrative difficulties. Further, this is a dispute between a local resident and a supermarket with a substantial presence in the locale. There is no showing that the place of the slip and fall is a factor of "community relationship" that makes the litigation more personal to the citizens of Oregon than to citizens of New Mexico, who may be said to have an interest in having this controversy between a fellow citizen and a local business decided at home. There is no showing of problems in conflicts of law or the application of law governing the duties of the owner or occupier to keep premises safe.

14. At this stage of the litigation, it is unknown whether the proof of liability or the proof of damages will be more demanding for the parties. On balance, the sources of proof of liability appear to be in Oregon, and the sources of proof of damages appear to be in New Mexico. There is no showing that it would be easier to access the sources of most proofs if the case were filed in Oregon. There is no showing that discovery and preservation of evidence would be thwarted if this

suit continues in New Mexico. While we note that the likelihood of actual trial is statistically quite low, the interest of Albertson's in having witnesses testify in person regarding the safety of the premises, if there is a trial, is not shown to be stronger than the interest of Pierce in having his treating physicians and other damages witnesses testify in person. There is no showing here that, if this case proceeds to trial, Albertson's would be unable to bring essential witnesses to New Mexico.

15. Incidentally, there are tactical considerations that bear upon whether the parties will even proceed to trial, such as the availability of testimony or demonstrative evidence in its most persuasive form. A court should take care not to tilt the advantage one way or the other in its management of the case. That is, the court's intervention in the management of litigation should not interfere with a party's legitimate choice of tactics designed to persuade the fact finder. Venue is the legitimate choice of the plaintiff who has the burden of proof. The court should limit its discretionary management of the litigation to assuring a fair trial and the avoidance of *unreasonable* expense and delay, repetitious and cumulative proofs, or inconvenience. Forum-non-conveniens considerations turn not on the existence of advantageous choices, but on the illegitimate or unreasonable impact those choices have on a fair trial—on the ends of justice.

16. *Conclusion.* Since the Second Judicial District Court is a proper venue and the court has jurisdiction over both Pierce and Albertson's, and since there is no showing that the balance of private and public factors weigh strongly in favor of Albertson's motion for dismissal, we reverse and remand to the district court for proceedings in accordance with this opinion.

17. **IT IS SO ORDERED.**

BACA, C.J., and FRANCHINI and FROST, JJ., concur.