1998-NMSC-040

968 P.2d 769

**Barbara STEIN, Plaintiff–Appellant,**

v.

**ALPINE SPORTS, INC., Defendant–Appellee.**

**No. 24,675.**

Supreme Court of New Mexico.

Oct. 14, 1998.

Rehearing Denied Nov. 30, 1998.

Sutin, Thayer & Browne, P.C., Ronald J. Segel, Albuquerque, for Appellant.

McClaugherty, Silver & Downes, Joe E. McClaugherty, Jere K. Smith, Santa Fe, for Appellee.

## OPINION

MCKINNON, J.

### I. Factual and Procedural Background

{1} Plaintiff–Appellant Barbara Stein sued Defendant–Appellee Alpine Sports for personal injuries sustained in a skiing accident, alleging that Alpine negligently mis-set the binding releases on their rental skis. Stein filed her complaint in Bernalillo County District Court, making no allegation of venue. *Cf.* Rule 1–008(A)(1) NMRA 1998. Alpine answered without raising improper venue as an affirmative defense, and counterclaimed for the value of the ski equipment Stein retained. Alpine asserts that it relied on the good faith and candor of Stein's counsel and therefore believed that Stein had sufficient contacts with Bernalillo County to make it a proper venue under our statute. *See* NMSA 1978, § 38–3–1 (1988) (county in which district court civil action may be commenced).

{2} Stein and Alpine entered into the rental contract in Santa Fe County. It was Alpine's only place of business, the place where the rental contract was performed, and was also the place where the accident occurred. After Alpine filed its answer, it discovered that Stein resided in Santa Fe

County. Under these circumstances, the only proper venue for the case was in Santa Fe County.[1] Therefore, Alpine filed a motion to dismiss for improper venue. The trial court denied the motion, ruling that Alpine had waived any objection to venue by failing to challenge venue in or before filing its answer. *See* Rule 1–012(B)(3), (H)(1)(a)(b) NMRA 1998 (defense of improper venue must be raised in or before responsive pleading or is deemed waived). The judge suggested that Alpine move instead for a transfer of venue to Santa Fe County based on *forum non conveniens.* Alpine did so, and the trial judge granted the motion relying on this Court's decision in *State ex rel. Southern Pacific Transportation Company v. Frost,* 102 N.M. 369, 695 P.2d 1318 (1985), where we first recognized intrastate *forum non conveniens.*[2] The case was then filed and tried in Santa Fe County. The jury returned a verdict for Alpine on Stein's personal injury claim, and against Stein on Alpine's counterclaim.

{3} On the day the trial court entered judgment on the verdict, this Court issued its opinion in *First Financial Trust Co. v. Scott,* 1996 NMSC 065, 122 N.M. 572, 929 P.2d 263, where we expressly overturned *Frost* and held that New Mexico trial courts lack the authority to order intrastate *forum non conveniens* transfers. This prompted Stein to file a motion to vacate the judgment under Rule 1–060(B)(4) NMRA 1998, arguing that *Scott* should apply retroactively to prohibit transfer of venue in her case, and that therefore the judgment was void. In addition she argued under Rule 1–060(B)(6) that in "furtherance of substantial justice" she should be relieved from the judgment. The court denied the motion and Stein appealed. The

Court of Appeals certified the case to this Court.

{4} We hold that the trial court correctly denied Stein's Rule 1–060(B)(4) motion because the judgment was not void and *Scott* could not be retroactively applied to this case. Further, Stein was not otherwise entitled to equitable relief from the Santa Fe County judgment. We therefore affirm.

## II. Analysis

### A. The effect of *Scott*

{5} Stein argues that the transfer of venue based on *forum non conveniens* was error under our decision in *Scott.* In expressly overruling *Frost, Scott* held that our district courts are powerless to order intrastate *forum non conveniens* transfers of venue. *Scott,* 1996 NMSC 065, ¶ 18, 122 N.M. 572, 929 P.2d 263. There, the plaintiff had filed in the proper venue, but because the trial court concluded that the case had far more significant contacts with another county, he found "compelling reasons to transfer venue" under the authority of *forum non conveniens* and *Frost.* We reversed the transfer on separation of powers grounds: "We are well aware of certain problems that may arise from the absence of a transfer mechanism based upon the convenience of the parties, but it is improper for the judiciary to create such a mechanism when the legislature has determined the policy of this state relative to election of proper venues." *Scott,* 1996 NMSC 065, ¶ 17, 122 N.M. 572, 929 P.2d 263. Because proper venue is a question for the Legislature, and because our venue statute manifests a clear intent that any forum proper under the statute is convenient, we concluded that district courts lack the power to order intrastate transfers based on *forrum*

---

1. Our venue statute provides in relevant part:

   All civil actions commenced in the district courts shall be brought and shall be commenced in counties as follows and not otherwise:

   A. First, ... all transitory actions shall be brought in the county where either the plaintiff or defendant ... resides; or second, in the county where the contract sued on was made or is to be performed or where the cause of action originated ...; or third, in any county in which the defendant ... may be found in

   the judicial district where the defendant resides.

   NMSA 1978, § 38–3–1(A) (1988).

2. "The doctrine of *forum non conveniens* allows a court that has jurisdiction over the parties and subject matter involved to decline to exercise jurisdiction when trial in another forum 'will best serve the ends of justice.' " *Marchman v. NCNB Texas Nat'l Bank,* 120 N.M. 74, 85, 898 P.2d 709, 720 (1995) (quoting *Koster v. (American) Lumbermens Mut. Casualty Co.,* 330 U.S. 518, 527, 67 S.Ct. 828, 91 L.Ed. 1067 (1947)).

*non conveniens,* absent a due process viola-' tion. 1996 NMSC 065, ¶ 17, 122 N.M. 572, 929 P.2d 263. However, when the trial court here entered the transfer order, *Frost* was still good law, and it is undisputed that the transfer was within the trial court's discretion. Stein argues that the court improperly denied her Rule 1–060(B) motion for relief from judgment because at that point the trial court was obligated to apply *Scott* retroactively.

## B. Standard of Review

■ {6} Our review of denial of a Rule 1–060(B) motion is generally for an abuse of discretion, unless the issue is one of law. *See Dozier v. Dozier,* 118 N.M. 69, 71, 878 P.2d 1018, 1020 (Ct.App.1994) (citation omitted). Retroactivity is a legal question, which we review de novo. *See* Ronald R. Hofer, *Standards of Review—Looking Beyond the Labels,* 74 Marquette L.Rev. 231, 239 (1991).

## C. Retroactivity Analysis Under *Beavers /Chevron Oil* Factors

{7} The question of the retroactive effect of a judicial decision is controlled here by our decision in *Beavers v. Johnson Controls World Services, Inc.,* 118 N.M. 391, 881 P.2d 1376 (1994). There, we developed the following method for determining whether a new judicial decision will be applied retroactively or prospectively:

> [W]e adopt a presumption of retroactivity for a new rule imposed by a judicial decision in a civil case.... [T]he retroactivity presumption for judicial decisions can be overcome by an express declaration, in the case announcing the new rule, that the rule is intended to operate with modified or selective (or even, perhaps, pure) prospectivity.... Absent such a declaration, the presumption may be overcome by a *sufficiently weighty combination of one or more of the Chevron Oil factors....*

118 N.M. at 398, 881 P.2d at 1383 (emphasis added). In other words, a decision creating new law can declare how that law is to be applied to pending cases. If a decision does not mention otherwise, the newly fashioned rule is presumed to apply retroactively to all pending cases and appeals. That presump-

tion can be overcome, however, by sufficient proof under what we call the *Chevron Oil* factors. *See generally Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).

### 1. Presumption of retroactivity

{8} We apply the *Beavers* rule to *Scott* to determine whether *Scott* should be given retroactive effect. Since *Scott* did not expressly declare that its new rule should apply prospectively, we presume retroactivity unless Alpine shows that a "sufficiently weighty combination" of the *Chevron Oil* factors overcomes the presumption. We analyze these factors below.

### 2. The *Chevron Oil* factors

■ {9} The *Chevron Oil* factors that we adopted and applied in *Beavers* are those that can be weighed in testing the presumption of retroactivity:

> *First,* the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed.
>
> *Second,* it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation."
>
> *Finally,* we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases avoiding the 'injustice or hardship' by a holding of nonretroactivity."

*Beavers,* 118 N.M. at 398, 881 P.2d at 1383 (quoting *Whenry v.. Whenry,* 98 N.M. 737, 739, 652 P.2d 1188, 1190 (1982), which quoted *Chevron Oil,* 404 U.S. at 106–07, 92 S.Ct. 349) (emphasis added, spacing added, and citations omitted by *Beavers* court), In summary, the three significant factors that we assess are: (1) whether the case creates a new principle *of* law that has been relied upon; (2) the prior history of the rule; and

(3) the inequity of retroactive application. In this case, we conclude that all three factors weigh against retroactive application of *Scott.*

### 3. Applying the *Beavers/Chevron Oil* factors

{10} An aspect of the first factor, whether a new principle of law has been announced by overruling past precedent, is present here. Overruling *Frost, Scott* expressly held, for the first time, that the doctrine of *forum non conveniens* "is inapplicable to motions to transfer a lawsuit intrastate from one county to another." *Scott,* 122 N.M. at 576, 577, 929 P.2d at 267, 268.

{11} The second aspect of the first *Chevron Oil* factor requires determining the extent to which the parties or others have relied on the overruled precedent. As we stated in *Beavers,* "[t]he extent to which the parties in a lawsuit, or others, may have relied on the state of the law before a law-changing decision has been issued can hardly be overemphasized." 118 N.M. at 399, 881 P.2d at 1384. Both the parties and the trial court relied on the old rule in *Frost,*[3] and this is the primary basis on which Alpine made its successful *forum non conveniens* motion. In response, Stein argued that her venue choice is favored, and that even under *Frost,* Bernalillo County was the most convenient forum because she and her counsel worked in Albuquerque. However, we note that after the district court granted Alpine's motion, Stein did not seek an interlocutory appeal. It was only after the jury trial concluded in reliance on *Frost,* after receiving an adverse verdict, and after *Scott* was decided did Stein renew her opposition to the transfer. These reliance facts weigh heavily against retroactivity in this case.

{12} The second factor requires consideration of the new rule's history, including its purpose and effect and whether retroactive application would further the rule's purpose. The purpose of, or perhaps the reasoning behind, the rule in *Scott* is

essentially to emphasize the separation of powers doctrine, and to recognize the right of the Legislature to determine proper venues. We held that courts lack the authority to order intrastate *forum non conveniens* because our venue statute explicitly identifies what venues are appropriate and grants the plaintiff the choice among these.

{13} Applying *Scott* retroactively here would violate the doctrine of separation of powers and disrespect the Legislature's establishment of venue sites. The venue that Stein seeks is admittedly an improper one under the statute because neither Stein nor Alpine reside in Bernalillo County, the contract was not made there nor was it to be performed there, and the claim did not arise there. *Cf.* NMSA 1978, § 38–3–1(A) (1988). Thus, under the statute, Stein had no right to select Bernalillo County as a forum. To enforce the *Scott* rule retroactively would result in retrying the case in a forum that is one that the Legislature has deemed *improper.* Therefore, we would be retarding, not honoring, the legislative purpose by allowing the retroactive application of *Scott.* We refuse to do so.

{14} The third *Chevron Oil* factor is to assess the inequity of retroactive application. This factor also weighs heavily against retroactivity. We again recognize the reliance of Alpine and the trial court on New Mexico law at that time. *Cf. Beavers,* 118 N.M. at 401, 881 P.2d at 1386 ("at least one of the powerful considerations informing the inequity factor ... is the degree of reliance that persons affected, or potentially affected, by the rule have placed on the state of the law antedating the rule"). Stein did not challenge the Santa Fe County jury verdict. Both parties and the judicial system expended a great deal of time, money, and resources in trying this lawsuit. Furthermore, there is no allegation that the trial was unfair or that the result was unmerited. We believe it would be unjust, would cause unnecessary

---

3. In *Beavers* we noted that the reliance interest is often strongest in questions of contract and property, and less strong in the tort context. 118 N.M. at 399, 881 P.2d at 1384. However, the change in this case is a procedural rule—whether or not state district courts can transfer cases

from county to county based on convenience. A procedural rule is much like a contractual rule on which parties rely, particularly in this context, where the rule resulted in a Santa Fe County jury trial.

hardship, and would be unwise to return a case which has been tried to conclusion in the only proper forum for retrial in an admittedly improper forum. We recognize this case was technically pending on the day we announced *Scott* and that one could argue that it should apply here. However, because of the heavy reliance placed by Alpine and the trial court on *Frost*, as indicated by the facts above, there is ample justification for not following the *Scott* rule in this case.

{15} We conclude that together the *Beavers/Chevron Oil* factors weigh heavily against *Scott*'s retroactive application to this case. The facts here are "sufficiently weighty" to overcome the presumption of retroactivity.

### D. Rule 1–060(B) analysis

{16} Finally, we note that the trial judge correctly denied Stein's Rule 1–060(B) motion. First, Stein argues, without authority, that Rule 1–060(B)(4) requires that we set aside the judgment as void. This argument has no merit. Stein has not alleged or pointed to any evidence to support an allegation that the trial court failed to provide due process, lacked jurisdiction, or lacked the inherent power to try this case. *Cf. Perry v. McLaughlin*, 754 P.2d 679 (Utah Ct.App. 1988). As no void judgment exists, we reject Stein's Rule 1–060(B)(4) claim.

{17} Second, Stein argues that she is entitled to relief from the judgment under Rule 1–060(B)(6). The doctrine of unclean hands estops Stein from seeking such equitable relief. Rule 1–060(B)(6) is designed to apply only to exceptional circumstances, which, in the sound discretion of the trial judge, require an exercise of a "reservoir of equitable power" to assure that justice is done. *See Resolution Trust Corp. v. Ferri*, 120 N.M. 320, 324, 901 P.2d 738, 742 (1995); *In re Bradfield*, 97 N.M. 611, 615, 642 P.2d 214, 218 (Ct.App.1982). We note that there is no allegation that justice was not done in this case, and Stein does not claim the trial was unfair. Instead, she seeks to exploit Alpine's innocent waiver of its venue objection as grounds for a retrial after receiving an adverse judgment. Justice

does not accommodate, much less demand, a new trial under these circumstances.

{18} Further, we also note that Alpine argues that Stein intentionally failed to allege venue because she knew that Bernalillo County was not a proper venue. Alpine further asserts that this tactic violated Rule 1–008's requirements because Stein neither asserted venue nor a good faith belief of venue. Alpine also contends that under Rule 1–011 there was no "good ground" to allege that Bernalillo County was a proper venue. We do not reach these arguments. We simply conclude that the district court did not err in declining to exercise its equitable powers.

### Conclusion

{19} Our venue statute manifests an intent to allow plaintiffs a wide choice of proper forums. However, neither the statute nor *Scott* allows a plaintiff the privilege of selecting an improper forum. Neither will we retroactively apply *Scott* to achieve this result. The denial of Stein's Rule 1–060(B) motion is affirmed.

{20}  **IT IS SO ORDERED.**

FRANCHINI, C.J., concurs.