**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2012-NMCA-052**

**Filing Date: April 6, 2012**

**Docket No. 30,989**

**STATE OF NEW MEXICO ex rel.**
**HUMAN SERVICES DEPARTMENT,**

  **Petitioner-Appellee,**

**v.**

**JOSEPH W. RAWLS,**

  **Respondent-Appellant,**

**and**

**DIANA DE ALBA-GARCIA,**

  **Respondent.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Mike Murphy, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Anthony C. Porter, Special Assistant Attorney General
Las Cruces, NM

for Appellee

Jones, Snead, Wertheim & Wentworth, P.A.
Roxie P. De Santiago
Santa Fe, NM

for Appellant

**OPINION**

**SUTIN, Judge.**

1

**{1}**     Joseph W. Rawls agreed to a judgment of paternity and to payment of child support. Later, through paternity testing, it was determined that he was not the child's biological father. Based on Rule 1-060(B) NMRA, Rawls sought in the district court to have accrued and continuing child support abated on that ground and on the ground that he never had any relationship with the child. The child had been cared for by the child's maternal grandmother. The child's biological parents had been deported to Mexico. The district court denied relief. We hold that, under the unique circumstances of this case, Rawls should have been granted the relief he requested. We reverse the district court.

**BACKGROUND**

**{2}**     In November 2002, the New Mexico Human Services Department (HSD) sought the adjudication of Joseph W. Rawls as the father of a child (Child) and also sought an order requiring Rawls to pay child support. A district court hearing officer entered a report and decision in April 2003. This report and decision adjudicated Rawls the parent of Child, required Rawls to begin paying child support, and awarded judgment against Rawls for retroactive child support. This report and decision was entered by default because Rawls "failed to appear, answer, or otherwise plead within the time prescribe[d] by law and [was therefore] in default." We will hereinafter refer to the April 2003 report and decision as "the default judgment." In August 2004, HSD moved to reopen the case. Subsequently, a stipulated report and decision signed by the hearing officer and approved by HSD and Rawls was filed with the court. This August 2004 stipulated report and decision reiterated that Rawls was Child's parent and was obligated to pay child support. It also contained an order and judgment determining that Rawls was in contempt of court and could purge the contempt as long as he was in strict compliance with the support payment and other requirements set out in the order and judgment. In this Opinion, we refer to the stipulated report and decision as "the stipulated order."

**{3}**     In February 2009, Rawls moved under Rule 1-060(B) to set aside the default judgment and the stipulated order on the ground that a paternity test administered in June 2008 with results acquired in September 2008, with the cooperation of the Child Support Enforcement Division of the HSD, showed that he was not Child's biological father. The court conducted a hearing on that motion in March 2010. At the hearing, Rawls' counsel explained that Rawls would testify that he signed the stipulated order because it was the only option available in order to have his driver's license reinstated, that he did not understand signing the stipulated order was an acknowledgment on his part that he was the biological father of Child, and that he understood HSD would schedule a paternity test. He states that when he later became aware, in 2008, that his driver's license continued to be suspended for non-payment of child support he again contacted HSD, now with the assistance of counsel, and was able to schedule paternity testing. In addition, along with citing to the record of the lab results indicating that Rawls was not the biological father of Child, Rawls states that Child's mother had represented to HSD that Rawls was the father of Child, and that the mother knew the representation was false because at a hearing in April 2011, when asked for the name of the biological father, she provided a name other than that of Rawls. We see

2

no refutation of any of these statements in HSD's answer brief. In his reply brief, Rawls states that he "requested the paternity testing from [HSD] when he was first served with the [p]etition and again when he met with [HSD] officials to discuss his driver's license suspension."

{4}     In an oral ruling in March 2010, the district court denied Rawls' motion insofar as it was grounded on Rule 1-060(B)(1), (2), and (3), but indicated that testimony was necessary before the court could rule on the applicability of Rule 1-060(B)(5) and (6). In April 2010, Rawls moved pursuant to Rule 1-060(B)(5) and (6) to abate child support payments based on the grounds that the paternity test excluded him as Child's biological father and that he did not have any emotional relationship with Child. In May 2010, the court instructed counsel to prepare briefs with points and authorities on the application of Rule 1-060(B)(6) relating to the fact that Rawls was excluded as Child's biological father. In its points and authorities brief, HSD stated, among other things, that it did not foreclose the possibility, at some point in the future, of disestablishing paternity as to Rawls and prospectively setting aside a portion of the default judgment, contingent upon the cooperation of Rawls' counsel in gathering information about Child's biological father and the maternal grandmother.

{5}     In November 2010, the court entered an order denying relief under Rule 1-060(B)(1), (2), and (3) and denying Rawls' motion to set aside the stipulated order. Also in November 2010, the court entered an order "denying motion to dismiss pursuant to [Rule] 1-060(B)(5)(6)." The court entered no findings of fact or conclusions of law and gave no written explanation or ground for the denial. Rawls appeals the November 2010 order entitled "Order Denying Motion to Dismiss Pursuant to [Rule] 1-060(B)(5)(6)." On appeal, Rawls asserts that the November 2010 order relating to Rule 1-060(B)(5) and (6) denied his Rule 1-060(B)(5) and (6) motions to abate ongoing child support and to set aside the default judgment and stipulated order, and was inconsistent with the law. Furthermore, he "assumes that the district court relie[d] on the undisputed fact that [he was] not the biological father of [C]hild."

{6}     Rawls specifically faults the court for failing to grant the prospective relief of child support abatement requested in his motion to abate child support and for failing to set aside the default judgment and the stipulated order. He seeks "[p]rospective relief" as available under "statutes granting courts continuing jurisdiction to modify and revoke child support orders" by setting aside the default judgment and stipulated order, thereby setting aside "the determination of paternity and . . . reliev[ing him] of ongoing child support obligations[.]" And he wants to be absolved of all related accrued child support.

**DISCUSSION**

**Standard of Review**

3

**{7}** Rawls asserts that the issues on appeal are to be reviewed de novo because all pertinent facts are undisputed, the issues are of pure law, and the district court's rulings were not consistent with the law. He also asserts that even if the standard of review is abuse of discretion, the issues turn on whether the court misapplied the law, thus calling for de novo review. HSD contends that a ruling on a motion for relief from a final judgment under Rule 1-060(B) is reviewed for an abuse of discretion.

**{8}** We review denials of Rule 1-060(B) motions generally for abuse of discretion, unless the issue is one of law. *Stein v. Alpine Sports, Inc.*, 1998-NMSC-040, ¶ 6, 126 N.M. 258, 968 P.2d 769. To the extent an issue requires us to determine whether the district court misapprehended the applicable law or otherwise requires us to decide a pure matter of law, we turn to de novo review. *N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 7, 127 N.M. 654, 986 P.2d 450; *Kinder Morgan CO2 Co., L.P. v. State Taxation & Revenue Dep't*, 2009-NMCA-019, ¶ 9, 145 N.M. 579, 203 P.3d 110.

**{9}** As pertinent to the issues before us, Rule 1-060(B)(5) and (6) read:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order[,] or proceeding for the following reasons:
>
> . . .
>
> (5) . . . it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time[.]

**The Merits**

**{10}** HSD seeks to avoid the merits with its argument that Rawls failed to move for relief within a reasonable time. *See* Rule 1-060(B)(6) ("The motion shall be made within a reasonable time[.]"); *Thompson v. Thompson*, 99 N.M. 473, 475, 660 P.2d 115, 117 (1983) (stating that "Rule 60(b)(4), (5)[,] and (6) may be presented within a 'reasonable time'"). HSD fails to point out where in the record it preserved this argument. We will not search the record for procedural events to which a party fails to cite, and we therefore will not consider HSD's timeliness point. *See Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 ("Absent [a] citation to the record or any obvious preservation, we will not consider the issue.").

**{11}** As we have indicated in this Opinion, Rawls seeks relief from all accrued, unpaid child support, as well as relief from any obligation for future child support. We interpret Rule 1-060(B)(5)'s reference to prospective relief to mean relief from the date the Rule 1-060(B) motion was filed, not from the time of the default judgment or stipulated order. If

4

the grounds for relief are met, we interpret Rule 1-060(B)(6) as intended to provide relief with respect to the accrued and prospective child support. Intermixed in the Rule 1-060(B) analyses is the extent, if any, to which the notion of changed circumstances under the applicable Uniform Parentage Act, NMSA 1978, §§ 40-11-1 to -23 (1986, as amended through 2004) (current version at NMSA 1978, §§ 40-11A-101 to -903 (2009)), is to play a part.

{12} The unique circumstances of this case raise a significant issue as to the fairness of requiring a person to pay child support when he is unerringly determined not to be the biological father of a child and found to have had no personal relationship with the child. In this case, of course, this circumstance is set against Rawls' initial agreement to paternity in a judgment; the substantial period of time that passed before he obtained a paternity test; the consequence of Child's biological parents being deported, leaving Child with the maternal grandmother; and the concern about who should have provided child support and who should continue to provide child support. Basic notions of fairness and justice strongly suggest that Rawls should not be compelled to pay the accrued and prospective child support. Nevertheless, we must balance that view with policies disfavoring vacation of judgments and arguments that abatement of child support will prejudice HSD and harm Child.

{13} The district court did not make things easy for effective appellate review. The court presumably determined under Rule 1-060(B)(5) that Rawls failed to prove that it was "no longer equitable that the judgment should have prospective application[.]" But without this Court considering credibility of witnesses, sufficiency of proof, and equitable considerations, we have no way of knowing the underlying basis for that determination. Nor do we know why the court refused to grant relief under Rule 1-060(B)(6). We are unaware whether the court denied the relief on a "reasonable time" ground or on an "extraordinary circumstance" ground. Rule 1-060(B)(6) cannot be used to circumvent the one-year time period or other requirements of Subparts (1), (2), and (3). *Resolution Trust Corp. v. Ferri*, 120 N.M. 320, 323, 901 P.2d 738, 741 (1995). We are given no reasons why the district court denied relief under Rule 1-060(B)(5) or (6), and we will not assume that its reason for doing so was based on its conclusion that the motion was made pursuant to Rule 1-060(B)(5) and (6) to circumvent the time requirements of Rule 1-060(B)(1), (2), and (3). *See State v. Thayer*, 80 N.M. 579, 582, 458 P.2d 831, 834 (Ct. App. 1969) ("We will not assume facts unsupported by the record.").

{14} That generally we apply an abuse of discretion standard of review in Rule 1-060(B)(5) and (6) determinations does not mean that every determination under that rule requires us to apply the abuse of discretion standard in a particular way or that we must blindly adhere to the discretion aspect of the standard. There are instances in which this Court can turn to de novo review to determine whether a district court has abused its discretion. This Court has held that we will determine that a district court has abused its discretion "when it applies an incorrect standard, incorrect substantive law, or its discretionary decision is premised on a misapprehension of the law." *Klinksiek v. Klinksiek*,

2005-NMCA-008, ¶ 4, 136 N.M. 693, 104 P.3d 559 (internal quotation marks and citation omitted); *see also Johnson*, 1999-NMSC-028, ¶ 7 ("[W]e may characterize as an abuse of discretion a discretionary decision that is premised on a misapprehension of the law." (alteration, internal quotation marks, and citation omitted)); *State v. Elinski*, 1997-NMCA-117, ¶ 8, 124 N.M. 261, 948 P.2d 1209 (holding that a district court abused its discretion when it exercised its discretion based on a "misapprehension of the law"). In addition, this Court has recognized that "[w]here the court's discretion is fact-based, we must look at the facts relied on by the trial court as a basis for the exercise of its discretion[] to determine if these facts are supported by substantial evidence" and that an abuse of discretion "occurs where the court's ruling is clearly against the logic and effect of the facts and circumstances before the court." *Apodaca v. AAA Gas Co.*, 2003-NMCA-085, ¶ 60, 134 N.M. 77, 73 P.3d 215 (internal quotation marks and citations omitted).

**{15}** Although no procedural rule requires a district court to explain its reasons or to set out findings of fact and conclusions of law in connection with its determination under Rule 1-060(B) following an evidentiary hearing, it behooves the district court to go beyond a bare ruling with no explanation or finding. We will not grant substantial, much less virtually automatic deference under such circumstances. We hold that the district court's decision is clearly against the logic and effect of the facts it considered.

**{16}** At the outset, Rawls may have thought he was Child's biological father. Evidence in the record indicates that Rawls wanted a paternity test early on and may have agreed to the stipulated order more out of concern for his driver's license than the consequences of his agreement. Unless circumstances exist, beyond his early stipulation, to require a different application of New Mexico's child support statutes and case law, we see no reasonable basis on which to saddle Rawls with accrued or prospective child support. The question before us is whether the circumstances of this case are of such an extraordinary nature as to relieve Rawls from the child support; and, if so, whether Rawls should nevertheless be denied relief because his conduct (his early stipulation and passive pursuit of paternity testing) may have resulted in undue prejudice to HSD or harm to Child.

**{17}** We hold that the determination that Rawls is not Child's biological father after his admission early on that he was Child's father is an extraordinary circumstance under Rule 1-060(B)(6). This view is supported by Child's mother's apparent misrepresentation to HSD that Rawls was the father and her later admission in court that another named man was the biological father. While this circumstance is not a "changed circumstance" in the nature, for example, of the onset of adverse financial changes that might require a change in a child support obligation, we think that the change from a mistaken admission of paternity to proof of non-paternity qualifies as an extraordinary change of circumstance sufficient to permit Rule 1-060(B)(6) relief from a child support obligation.

**{18}** Furthermore, HSD fails to show us where in the record Child has been harmed by Rawls' conduct or that Child will be harmed to any extent that would justify burdening Rawls with accrued and prospective child support. We have not been shown that Child has

6

not received adequate support in the past. Nor has it been shown that Child will not receive adequate support in the future. In balancing whether Rawls instead of HSD should provide the support, we come down on Rawls' side. That HSD cannot successfully enforce the obligation against Child's deported mother and biological father does not change the balance that favors Rawls. To prove that it is or will be harmful to Child to grant relief to Rawls, HSD had the burden to present evidence of such harm resulting from Rawls' conduct. Having failed in that burden, we see no reasonable basis on which to saddle Rawls with an obligation to pay any child support. *See Atcherian v. State*, 14 P.3d 970, 972 (Alaska 2000) (affirming the district court's vacation of the default judgment of paternity and awarding a refund of child support collected after the appellant, having obtained a paternity test excluding him as the child's biological father, filed his motion to vacate the judgment); *Kilpper v. State*, 983 P.2d 729, 730, 732 (Alaska 1999) (holding that the appellant, who signed an affidavit acknowledging paternity of a child, was entitled to prospective relief from future child support payments upon a showing that he was not the biological father of the child); *MAM v. State Dep't of Family Servs.*, 99 P.3d 982, 983, 985-86 (Wyo. 2004) (holding that the court abused its discretion in denying the appellant's motion to set aside a stipulated paternity order where the appellant proved, among other facts, that he was not the child's biological father and that he did not have a relationship with the child); *Williams v. Williams*, 843 So. 2d 720, 721, 723 (Miss. 2003) (refusing "to sanction the manifest injustice of forcing a man to support a child which science has proven not to be his" and therefore terminating further child support obligations notwithstanding a divorce decree in which the appellant swore that he was the father of the child); *M.A.S. v. Miss. Dep't of Human Servs.*, 842 So. 2d 527, 528, 531 (Miss. 2003) (en banc) (holding that, notwithstanding a nine-year delay in requesting relief, and the appellant's failure to submit to DNA testing earlier, it was "profoundly unjust to require [the appellant] to continue making child support payments for a child which is known not to be his" and thereby ordering the trial court to set aside the paternity and child support order); *Wheat v. Commonwealth*, 217 S.W.3d 266, 267-69 (Ky. Ct. App. 2007) (stating that notwithstanding the fact that the appellant had acknowledged paternity of the child, there was no basis, from an equitable standpoint, to require him to continue to pay child support considering, among other factors, that he had no relationship with the child).

**{19}** We therefore set aside the default judgment and the stipulated order. We hold that Rawls is released from his obligation to pay prospective child support. In this context, we interpret "prospective" relief to have commenced on February 24, 2009, the filing date of Rawls' Rule 1-060(B) motion, which was accompanied by proof that Rawls is not Child's biological father.

**{20}** We further hold that Rawls should not be burdened with the obligation to pay any accrued child support. In *Wheat*, under circumstances similar to those of this case, the Kentucky Court of Appeals held that if the district court determined that the mother of the child, who had "apparently [failed to] disclose the name of the true biological father when she supplied the name of [the appellant] as the purported father of [the child,]" was guilty of fraud or misrepresentation, then the accrued child support should be set aside. 217

S.W.3d at 271. That case was remanded for a hearing on whether the mother had made a material representation which was false and which was either known to be false or which was made recklessly, and which was made with an inducement to be acted upon and was relied upon thereby causing the injury. *Id.* The *Wheat* court instructed the trial court that if, on remand, the factors were met, the accrued child support should be set aside. *Id.*

**{21}** Here, Rawls argues that "even the limited record can establish all five of the[] [*Wheat*] elements." Rawls continues:

> [Child's mother] made a material misrepresentation in that she represented [Rawls] as the father of . . . Child to [HSD]. Such a representation was false as [Rawls] is not the biological father of . . . Child. [Child's mother] knew the representation was false because at the hearing on April 14, 2011, when asked for the name of the biological father of . . . [C]hild, she provided a name other than [Rawls]. [Child's mother] made the representation so that child support could be collected from [Rawls] and [HSD] acted upon that representation to file a [p]etition to name [Rawls] as [the] father of . . . Child. The outcome of that [p]etition, the related default judgment and stipulated order have all caused untold injury on [Rawls]. [Rawls] has accrued over $35,000 in child support payments for a child that is not his, he has a suspended driver's license, is facing criminal repercussions for driving without a license, has lost his [c]ommercial [d]river's [l]icense . . . which was the source of income for himself and his family including three other children[] and has had to pay attorney fees and costs.

HSD does not specifically respond to this argument in its answer brief. *See Santa Fe Pac. Gold Corp. v. United Nuclear Corp.*, 2007-NMCA-133, ¶ 41, 143 N.M. 215, 175 P.3d 309 (stating that where a party declines to address an issue in its answer brief, the issue is treated as a concession). We are persuaded that, under the particular facts of this case, the most logical and consistent conclusion is that Rawls should not be liable for any support for Child, who is not his progeny, and that, pursuant to Rule 1-060(B)(6), the default judgment, as well as the stipulated order, should be set aside, leaving Rawls with no obligation as to accrued or prospective child support.

**{22}** In sum, we can see no reasonable basis under the circumstances here on which to hold Rawls responsible for child support for Child once it was determined that he was not the biological father of Child, after it was obvious that Child's mother either mistakenly or intentionally pointed to Rawls as the father, and absent any harm to Child.

**CONCLUSION**

**{23}** We reverse. The default judgment and stipulated order are hereby set aside to the extent they purport to establish Rawls' paternity and require Rawls to pay accrued child support, as well as any prospective child support.

**{24}** **IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**J. MILES HANISEE, Judge**

**Topic Index for** _State of NM ex rel HSD v. Rawls_**, Docket No. 30,989**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-SR | Standard of Review |
| | |
| **CP** | **CIVIL PROCEDURE** |
| CP-RE | Rule 60(B) Motion |
| CP-TL | Time Limitations |
| | |
| **DR** | **DOMESTIC RELATIONS** |
| DR-CT | Child Support |
| DR-PT | Paternity |
| | |
| **EV** | **EVIDENCE** |
| EV-BT | Blood/Breath Tests |
| | |
| **JM** | **JUDGMENT** |
| JM-DF | Default Judgment |
| JM-PJ | Post Judgment Relief |