This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38588**

**TAYLOR GILL,**

Petitioner-Appellant,

v.

**EZEKIEL PADILLA,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. Lavelle, District Judge**

Legal Solutions of New Mexico, LLC
McKenzie St. Denis
Albuquerque, NM

for Appellant

Law Office of Monnica L. Barreras, LLC
Monnica L. Barreras
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}**     Petitioner Taylor Gill (Mother) appeals from an order granting Respondent Ezekiel Padilla (Father) sole legal and physical custody of the parties' child, arguing that the district court made its custody determination in a manner contrary to law in various respects. Because we agree with Mother that the district court terminated joint custody without the advance notice New Mexico precedent requires, we reverse.

**DISCUSSION**[1]

{2}     Generally, "[w]e review a district court's child custody determination for abuse of discretion, and we will uphold the district court's findings if they are supported by substantial evidence." *Hough v. Brooks*, 2017-NMCA-050, ¶ 18, 399 P.3d 387. Mother argues, among other things, that the district court abused its discretion by terminating joint custody contrary to law because New Mexico precedent required notice to the parties that termination would be at issue at the hearing during which the court made the ruling Mother challenges on appeal. *See Tue Thi Tran v. Bennett*, 2018-NMSC-009, ¶ 30, 411 P.3d 345 ("An abuse of discretion occurs when the court's ruling . . . is based on a misunderstanding of the law." (internal quotation marks and citation omitted)). Reviewing this purely legal question de novo, *see State ex rel. Human Servs. Dep't v. Rawls*, 2012-NMCA-052, ¶ 8, 279 P.3d 766, we hold that the district court erred when it awarded Father sole custody absent the requisite notice that continuation of joint custody would be at issue.[2]

{3}     In the interest of fundamental fairness and in light of the "great importance" of the matter, "joint custody cannot be terminated" without a hearing for which there was "specific notice that continuation of joint custody [would] be at issue." *Taylor*, 1995-NMCA-034, ¶¶ 8-10, 14-16. Here, the district court terminated joint custody at a hearing that, according to the notice, was on Mother's motions (1) to reconsider the court's order denying her motion for relocation and (2) to appoint a guardian ad litem. Although Mother had requested sole legal custody in her motion for relocation, the district court did not issue any findings regarding legal custody in its order on that motion, and neither Mother's subsequent motions nor Father's response to those motions requested that the district court terminate joint custody. Nowhere in the record does it appear that Father ever sought sole custody, and Mother's request that the district court reconsider its denial of her motion to relocate did not put her on notice that she could lose her custodial rights at the hearing on that request. *See Hopkins v. Wollaber*, 2019-NMCA-024, ¶ 21, 458 P.3d 583 ("That a parent's relocation may support, even necessitate, *modification* of a joint custody arrangement does not support the altogether different conclusion that a custodial parent's proposed relocation justifies *termination* of joint custody."). We therefore reverse the order awarding sole legal and physical custody to Father.

{4}     Because we reverse on the basis that Mother did not have notice that her custodial rights were on the line, we need not reach the parties' other arguments on

---

1Because the parties are familiar with the factual background, this memorandum opinion does not include a background section.

2Father argues that we should not decide the merits of Mother's arguments on appeal because Mother did not preserve them. Mother did not object to the lack of notice in the district court, and thus we agree with Father that the issue is not preserved. However, we decline to dispose of Mother's claim of error on that basis. Because the order terminating joint custody implicates Mother's fundamental right to "make decisions concerning the care, custody, and control of [her] child," *see Tue Thi Tran*, 2018-NMSC-009, ¶ 25, and because advance notice is designed to protect that fundamental right, *see Taylor v. Tittman*, 1995-NMCA-034, ¶¶ 8-10, 14-16, 120 N.M. 22, 896 P.2d 1171, we exercise our discretion under Rule 12-321(B)(2)(d) NMRA to review Mother's claim of error.

appeal. However, should either party seek sole custody on remand, we note that, at "a hearing following specific notice that continuation of joint custody will be at issue[,]" *Taylor*, 1995-NMCA-034, ¶ 14, the district court "shall not terminate joint custody unless there has been a substantial and material change in circumstances affecting the welfare of the child, since entry of the joint custody order, such that joint custody is no longer in the best interests of the child." NMSA 1978, § 40-4-9.1(A) (1999). And we trust that, in determining whether there has been such a change, the court will do more than issue "[a] statement that joint custody is or is not in the best interests of the child[,]" § 40-4-9.1(I), and will instead evaluate all factors under NMSA 1978, Section 40-4-9(A) (1977), and Section 40-4-9.1(B) that pertain to the child's best interests, *Taylor*, 1995-NMCA-034, ¶ 14, and make a record of its findings. *See Hough*, 2017-NMCA-050, ¶¶ 26, 31-39 (holding that the district court abused its discretion in its custody determination by failing to make any findings regarding changed circumstances and by failing to make "specific findings related to any of the statutorily mandated factors").

## CONCLUSION

{5}     We reverse the district court's custody determination and remand for further proceedings consistent with this opinion.

{6}     **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**