This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41410**

**IN THE MATTER OF THE GUARDIANSHIP
AND CONSERVATORSHIP OF JOHN F. J. II,
an adult incapacitated person,**

**CHRISTOPHER A.J.,**

      Petitioner/Conservator/ Guardian-Appellant,

and

**MARK HORTON,**

      Counsel for John F. J. II.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY
David E. Finger, District Court Judge**

Martin, Dugan & Martin
Lane T. Martin
Carlsbad, NM

for Appellant

Horton Law Firm, LLC
Mark R. Horton
Carlsbad, NM

Counsel for John F. J. II.

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Petitioner, a duly appointed guardian and conservator for John F. J. II (the protected person), appealed following the entry of an order concerning the payment of attorney fees to former counsel for the protected person. We previously issued a notice

of proposed summary disposition in which we proposed to reverse and remand. Former counsel has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore reverse and remand for further proceedings.

**{2}** We have reviewed the record with care, and are fully apprised of the procedural history. To briefly summarize, the underlying proceedings were contested in a manner that resulted in delay and expense. Once the incapacity of the protected person became inescapably apparent, Petitioner was appointed permanent guardian and conservator of the protected person's estate. Former counsel, who had been independently retained by the protected person, sought substantial attorney fees. Petitioner attempted to challenge the reasonableness and propriety of those claimed fees. The district court perceived Petitioner's request for review as an untimely motion for reconsideration pursuant to Rule 1-059 NMRA, and ordered Petitioner to pay former counsel's requested fees in full. The instant appeal followed.

**{3}** As we observed in the notice of proposed summary disposition, [CN 2-3] the sequence of events at issue in this case does not lend itself to the application of Rule 1-059. To reiterate, the district court's characterization of the order of May 26, 2023, as a final disposition was not inappropriate. *See Clinesmith v. Temmerman*, 2013-NMCA-024, ¶ 38, 298 P.3d 458 (indicating that a similar order resolving all pending motions and appointing a permanent guardian and conservator constituted a final order). And generally speaking, the district courts do lose jurisdiction thirty days after final orders have been entered. *Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 40, 113 N.M. 231, 824 P.2d 1033. However, district courts do not lose jurisdiction to conduct further proceedings to carry judgments into effect or otherwise to dispose of collateral matters. *Id.* ¶¶ 41-42. "Determining the amount of an attorney[] fee award is one such matter." *Id.* ¶ 42.

**{4}** The record makes clear that the order of May 26, 2023, was not fully dispositive of the attorney fee award. Although the order indicated that former counsel was entitled to payment, it did not specify the amount; rather, it provided that former counsel was to submit invoices to Petitioner, who was further authorized to file an objection with the court. [RP 477] After former counsel filed an affidavit with (redacted) invoices, Petitioner made clear that he objected, and he sought meaningful review of the reasonableness of former counsel's fee request. [RP 498-501] Under the circumstances, Rule 1-059 cannot be said to have barred Petitioner's request for review of the requested attorney fees. *See, e.g.*, *Trujillo v. Hilton of Santa Fe*, 1993-NMCA-005, ¶ 12, 115 N.M. 398, 851 P.2d 1065 (indicating that a post-judgment motion concerning attorney fees did not fall under the auspices of Rule 1-059), *rev'd on other grounds*, 1993-NMSC-017, 115 N.M. 397, 851 P.2d 1064. Accordingly, the district court erred to the extent that it perceived Petitioner's challenge to be untimely.

**{5}** With respect to the district court's handling of the dispute relative to the attorney fees sought and ultimately awarded, we note that although court-appointed professionals such as attorneys appearing in contested guardianship/conservatorship proceedings are entitled to reasonable compensation from the estates of protected

persons, *see* NMSA 1978, § 45-5-105 (1993) ("If not otherwise compensated for services rendered, any . . . attorney . . . appointed in a guardianship proceeding is entitled to reasonable compensation from the estate of the incapacitated person."), former counsel was *not* court-appointed; accordingly, Section 45-5-105 is inapplicable.

**{6}** With respect to the situation presented in this case, there have been recent developments that provide significant guidance. It is now established that fees may be awarded to independently retained attorneys, pursuant to NMSA 1978, Section 45-5-425(A) (1975), where such fees were incurred for the benefit of the protected person, and with due regard for how payment of those fees will impact the protected person. *See In the Matter of Protective Proceedings for Elizabeth A.* (*In re Elizabeth A.*), 2024-NMCA-017, ¶¶ 15, 16, 19, 22, 542 P.3d 793 (holding that district courts have the power to order conservators to pay attorney fees that are billed to estates within the parameters of Section 45-5-425(A), and that "the silence of Section 45-5-105, governing compensation for court-appointed professional fees" does not preclude payment of fees to noncourt-appointed attorneys), *cert. denied* (S-1-SC-40174, Jan. 21, 2024).

**{7}** Accordingly, the district court had statutory authority to order Petitioner, as conservator, to pay attorney fees to former counsel. However, awards of attorney fees pursuant to Section 45-5-425 are subject to scrutiny. The "importance of court supervision in guardianship and conservatorship proceedings cannot be overstated, including oversight concerning the conduct of attorneys appearing in such cases, whether or not they are appointed by the court." *In the Matter of the Guardianship and Conservatorship of C.G.*, 2020-NMCA-023, ¶ 58, 463 P.3d 487. In this case, the district court did not evaluate former counsel's requested fees, pursuant to Section 45-5-425. Insofar as *Elizabeth A.* was issued on the heels of the district court's decision, this is unsurprising; nevertheless, more thorough and thoughtful review of the requested fees, specifically in light of the factors identified in *Elizabeth A.*, is warranted. *See generally Stein v. Alpine Sports, Inc.*, 1998-NMSC-040, ¶ 7, 126 N.M. 258, 968 P.2d 769 ("If a decision does not mention otherwise, [a] newly fashioned rule is presumed to apply retroactively to all pending cases and appeals.").

**{8}** We acknowledge that awards of attorney fees are occasionally upheld despite the failure of the parties and the district court to conduct the requisite analysis; however, this is only appropriate if the relevant facts were established below, the district court made the necessary findings, and those findings were supported by substantial evidence of record. *See, e.g., In re Elizabeth A.*, 2024-NMCA-017, ¶¶ 23-26 (illustrating). Although former counsel vaguely suggests that this might be such a case, [MIO 6] we find no support for that proposition. [RP 559-62] The record does not establish either that the disputed fees were uniformly incurred for the benefit of the protected person, or that the financial health of the protected person's estate is such that the requested fees can be paid without causing undue adverse impact upon him. We therefore conclude that reversal and remand is warranted, so that district court may undertake the requisite inquiry.

**{9}** In closing, we reject former counsel's suggestion that Petitioner failed to preserve the foregoing matters for consideration on appeal. [MIO 6-7] We conclude that Petitioner's request for meaningful review of former counsel's fees was sufficiently clear and timely to alert the district court to the issues; prescience, relative to the decision rendered in *Elizabeth A.*, was not required. *See, e.g.*, *In re Guardianship of Patrick D.*, 2012-NMSC-017, ¶¶ 20-22, 280 P.3d 909 (holding that the application of a variety of statutory provisions could properly be considered on appeal, where the averments encompassed facts relevant to each, and the district court's ruling was broad enough that it could have encompassed any of those provisions); *cf. State v. Garcia*, 2009-NMSC-046, ¶ 12, 147 N.M. 134, 217 P.3d 1032 (indicating that it was not incumbent upon a party to anticipate a holding rendered by this Court in order to preserve an argument for appeal). We also decline former counsel's request for narrow and specific instructions with respect to the conduct of the proceedings on remand. [MIO 7-9] This is more appropriately left to the informed discretion of the district court. *See generally Pizza Hut of Santa Fe, Inc. v. Branch*, 1976-NMCA-051, ¶ 8, 89 N.M. 325, 552 P.2d 227 ("[T]rial courts have supervisory control over their dockets and inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

**{10}** Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we reverse and remand for further proceedings consistent herewith.

**{11}  IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP. Chief Judge**

**JACQUELINE R. MEDINA, Judge**