This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41743**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

       Petitioner-Appellee,

v.

**SIRAJ W.,**

       Respondent-Appellant,

and

**IN THE MATTER OF NA'IMHA W.,
MUBARKAH L., UMAR L., and
NASEEBAH L.,**

       Children.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY
Emilio J. Chavez, District Court Judge**

Children, Youth & Families Department
Mary E. McQueeny, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Siraj Wahhaj
Waymart, PA

Pro Se Appellant

Crollett & McDowell, P.A.
Marissa Crollett
Taos, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Respondent, Siraj W., appeals from the district court's order denying his motions to reconsider the denial of his petitions to set aside the judgment terminating his parental rights. We issued a notice of proposed summary disposition proposing to affirm. Respondent has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm the district court.

**{2}** We briefly restate the relevant factual and procedural history of this case as follows. On August 7, 2018, the Children, Youth, and Families Department (CYFD) filed a petition against Respondent alleging the abuse and neglect of Children, followed by an amended abuse and neglect petition on September 4, 2018, and a second amended abuse and neglect petition on September 6, 2018. [1 RP 1, 137, 167] On December 10, 2018, Respondent signed a voluntary relinquishment of his parental rights to Children. [2 RP 328] The district court entered a judgment terminating his parental rights on December 21, 2018, and Respondent did not appeal from this judgment. *See* Rule 12-201(A)(1)(B) NMRA (stating that the notice of appeal shall be filed within thirty days after the judgment or order appealed from is filed in the district court). [2 RP 342]

**{3}** On July 20, 2020, Respondent filed a petition to reopen the case and motion to set aside the termination of parental rights. [3 RP 506] The district court entered an order denying the motion on August 24, 2020. [3 RP 510] Respondent did not appeal from this order. *See id.* On November 10, 2020, Respondent filed an amended petition to reopen and motion to set aside the termination of parental rights. [3 RP 514] On September 1, 2021, the district court entered an order denying Respondent's amended petition. [3 RP 745] In its order, the district court noted that Respondent's amended petition was filed after the district court had dismissed Respondent's original petition. [Id.] The district court therefore construed the amended petition as a motion to reconsider the district court's August 24, 2020 order denying the original petition, and it denied the motion on the grounds that Respondent had failed to establish legal or factual circumstances that would support withdrawal of the relinquishment of his parental rights. [3 RP 745]

**{4}** Respondent did not appeal from this order. Instead, on October 20, 2021, Respondent filed an untimely motion to reconsider and then a second untimely motion to reconsider on February 7, 2022. [3 RP 749; 4 RP 777] *See* Rule 1-059(E) NMRA ("A motion to alter, amend, or reconsider a final judgment shall be filed not later than thirty

(30) days after entry of the judgment."). On March 2, 2022, the district court entered an order denying both motions to reconsider, and Respondent filed a timely notice of appeal from this order on March 21, 2022. [4 RP 788, 799]

{5}     Since Respondent's motions to reconsider the district court's September 1, 2021 order, were not filed within thirty days after entry of that order, they are considered Rule 1-060(B) NMRA motions. *See* Rule 12-201(D)(1); *see also* Rule 1-059(E) ("A motion to alter, amend, or reconsider a final judgment shall be filed not later than thirty (30) days after entry of the judgment."); Rule 1-060(B) (permitting a motion for relief from judgment alleging a basis listed in Subsection B to be filed outside of thirty days). Accordingly, our review is limited to the question of whether the denial of the motions was an abuse of discretion, and we cannot review the merits of the underlying judgment. *See James v. Brumlop*, 1980-NMCA-043, ¶ 9, 94 N.M. 291, 609 P.2d 1247 ("An appeal from the denial of a Rule [1-060(B)] motion cannot review the propriety of the judgment sought to be reopened; the trial court can be reversed only if it is found to have abused its discretion in refusing to grant the motion."); *Stein v. Alpine Sports, Inc.*, 1998-NMSC-040, ¶ 6, 126 N.M. 258, 968 P.2d 769 (stating that review of a denial of a Rule 1-060(B) motion is generally for an abuse of discretion, unless the issue is one of law).

{6}     In his memorandum in opposition [MIO 2], Respondent continues to argue that CYFD did not file its initial abuse and neglect petition within the timeline contained in Rule 10-312(B) NMRA. *See id.* (providing that "[i]f a child is taken into custody, a petition alleging abuse or neglect shall be filed by the department within two (2) days from the date that the child is taken into emergency custody by the department" and that "[i]f a petition is not filed within the time set forth in this paragraph, the child shall be released to the child's parents, guardian or custodian"). [MIO 2-3] Respondent also contends that CYFD engaged in fraud and perjury in the course of the abuse and neglect case below, and that the procedural irregularities in the handling of the case violated Respondent's constitutional rights and constituted custodial interference. [MIO 2-6]

{7}     However, as explained in the notice of proposed summary disposition, Respondent's Rule 1-060(B) motions only sought reconsideration of the district court's September 1, 2021 order, on the basis that Respondent was not afforded a hearing before the district court denied his amended petition to set aside the order terminating his parental rights. [3 RP 749, 4 RP 777] While Respondent contends that he raised his claims regarding CYFD and the circumstances of the relinquishment at some point in the district court, these claims were not asserted as a basis for reconsideration in Respondent's Rule 1-060(B) motions. [MIO 5; 3 RP 749, 4 RP 777] We are limited in this appeal to reviewing only whether the district court abused its discretion in denying the Rule 1-060(B) motions, which were before it. We therefore must reject these assertions of error as not properly before us. *See James*, 1980-NMCA-043, ¶ 9 ("An appeal from the denial of a Rule [1-060(B)] motion cannot review the propriety of the judgment sought to be reopened; the trial court can be reversed only if it is found to have abused its discretion in refusing to grant the motion.").

**{8}**    For these reasons, we affirm the district court.

**{9}    IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KRISTINA BOGARDUS Judge**