This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42613**

**DAVID HUDDLESTON,**

Plaintiff-Appellant,

v.

**MICHELLE LUJAN GRISHAM,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Court Judge**

David Huddleston
Elida, NM

Pro Se Appellant

Serpe Andrews, PLLC
Cody R. Rogers
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Plaintiff appeals the district court's April 15, 2025 order, denying his Rule 1-060(B) NMRA motion. We issued a notice of proposed summary disposition proposing to affirm, and Plaintiff has responded with a memorandum in opposition, which we have duly considered. Plaintiff also filed a pleading on July 21, 2025, entitled, "Equal application of law/fair and impartial treatment/past practices." This pleading contains a declaration of various principles and axioms, and we have taken this pleading into consideration as well. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}**    As we explained in our notice of proposed summary disposition, the matter is before this Court on appeal from the denial of Plaintiff's Rule 1-060(B) motion. Accordingly, our review is limited to the question of whether the denial of the motion was an abuse of discretion, and we do not review the merits of the underlying judgment. *See James v. Brumlop*, 1980-NMCA-043, ¶ 9, 94 N.M. 291, 609 P.2d 1247 ("An appeal from the denial of a Rule [1-060(B)] motion cannot review the propriety of the judgment sought to be reopened; the trial court can be reversed only if it is found to have abused its discretion in refusing to grant the motion."); *Stein v. Alpine Sports, Inc.*, 1998-NMSC-040, ¶ 6, 126 N.M. 258, 968 P.2d 769 (stating that review of a denial of a Rule 1-060(B) motion is generally for an abuse of discretion, unless the issue is one of law); *see also Chavez v. Lovelace Sandia Health Sys., Inc.*, 2008-NMCA-104, ¶ 25, 144 N.M. 578, 189 P.3d 711 (recognizing that an abuse of discretion occurs when the court's "ruling is clearly against the logic and effect of the facts and circumstances of the case" or is "based on a misunderstanding of the law" (internal quotation marks and citation omitted)).

**{3}**    Appellant does not explain in his memorandum in opposition or his July 21, 2025 pleading, how the district court's denial of his Rule 1-060(B) motion was an abuse of discretion. *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 11, 314 P.3d 688 (stating that an abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case). Rather, Appellant continues to raise assertions of error directed at the merits of the underlying judgment. As Appellant's memorandum in opposition and subsequent filing do not address our proposed summary disposition or assert any new facts, law, or argument that persuade us that the proposed disposition was erroneous, we must affirm. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}**    For these reasons, and those set out in our notice of proposed summary disposition, we affirm the district court.

**{5}    IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**JENNIFER L. ATTREP, Judge**